BERFORD *v.* NEW YORK IRON MINE *et al.*

*(Superior Court of New York City, General Term.* November, 1888.)

1. PLEADING—DEMURRER.
  A demurrer to a complaint on the ground that the court has no jurisdiction of the subject of the action is not an admission that a cause of action is set forth, especially where a demurrer is also taken to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

2. SAME.
  It is not sufficient to defeat a demurrer to a complaint by one of several defendants on the ground that it does not state a cause of action, that the complaint is sufficient as to a defendant who does not demur. The test is whether a cause of action is stated against the defendant demurring.

3. CORPORATIONS—FOREIGN CORPORATIONS—JURISDICTION OVER.
  The courts of this state will not interfere with the internal affairs of a foreign corporation to compel it to declare and pay such dividends as may appear upon an accounting to be proper.

4. SAME—STOCK—ASSIGNMENT.
  Where a stockholder in a corporation, without authority, executes certain notes in the name of the corporation for value, and charges the notes on the books of the corporation as obligations against himself, the transaction does not amount to an appropriation of any part of the assets of the corporation to the payment of the notes, and the holder of them has no lien on the shares of such stockholder, nor can he claim as an equitable assignee thereof.

**5. SAME—RIGHTS OF NON-SHAREHOLDERS.**

One who is not a shareholder in a corporation has no right to a decree compelling the corporation to declare and pay such dividends as may appear upon an accounting to be proper; nor will a court of equity decree an account of liens upon the shares of a stockholder at the request of a person having no lien upon such shares.

**6. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE.**

An action to set aside a transfer of property by defendant cannot be maintained where plaintiff is not a judgment creditor of the defendant, and there is no allegation that the latter is insolvent.

Appeal from special term.

The following is the opinion of the special term:

"TRUAX, J.   The defendants the New York Iron Mine and the New York Mining Company, above named, separately demur to the complaint herein, on the grounds that the court has not jurisdiction of the subject of the action; and, secondly, that the complaint does not state facts sufficient to constitute a cause of action.   The plaintiff contends that by demurring on the ground that the court has not jurisdiction of the subject of the action the defendants concede that the complaint does not state facts sufficient to constitute a cause of action.   In this I am of opinion that he errs.   Section 488 of the Code of Civil Procedure provides that a defendant may ' demur to the complaint where one or more of the following objections thereto appear upon the face thereof.' Logically, it cannot be said that a demurrer to the complaint on the ground that the court has not jurisdiction of the subject of the action concedes that a cause of action is set forth.   Especially is this so in view of the fact that by the same demurrer the defendants demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   Moreover, the defendants would have had the right under the Code to demur now to the complaint, on the ground that the court has not jurisdiction of the subject of the action, and at the trial to demur on the ground that the complaint does not state facts sufficient to constitute a cause of action.   The plaintiff also contends that the demurrers to the complaint should be overruled, if it appears on the face of the complaint that any cause of action is stated against any of the defendants, and then he claims that a cause of action is stated against one of the defendants, Wetmore, who has not, as far as it yet appears, pleaded.   I am of the opinion that this is not the law, and the cases cited by the plaintiff as authorities for this proposition, do not decide the point.   The case of *Wheeler* v. *Insurance Co.*, 82 N. Y. 543, is one of the cases cited by the plaintiff.   In that case the complaint contained distinct causes of action, and the demurrer was on the ground that the complaint did not state any cause of action.   The court of appeals held that one of the causes of action was well pleaded, and therefore overruled the demurrer.   It is enough that the complaint states a cause of action against a defendant who does not demur, in order to sustain it against a defendant who does demur.   The test is, does the complaint state a cause of action against the defendant who demurs? If it does not, the demurrer must be sustained.

"It appears from the face of the complaint that the defendant the New York Iron Mine is a corporation organized under the laws of the state of Michigan.   It does not appear under the laws of what state the defendant the New York Mining Company was organized.   The plaintiff alleges in his complaint certain facts which he claims entitle him to relief, as against the said defendant the New York Iron Mine.   The relief that he claims against this defendant is that it be decreed to declare and pay such dividends as may appear upon an accounting to be proper.   The case of *Fisher* v. *Insurance Co.*, 52 N. Y. Super. Ct. 179, is a conclusive authority in favor of this demurrer.   It was there held that the courts of this state will not interfere with the internal administration of the affairs of a foreign corporation, that the law does not give any remedy here for the things complained of, and,

therefore, that the court has no jurisdiction of the subject of the action. This demurrer of the defendant the New York Iron Mine is sustained.

"The more important question in the case, however, is, does the complaint state a cause of action against any of the defendants demurring? The complaint is quite a lengthy one, and it is difficult to distinguish the allegations of fact from the conclusions of law stated therein. The material allegations of fact stated in the complaint, as I read it, are the following: On the 26th day of April, the 1st and 6th days of May, 1887, respectively, at the city of Marquette, at the state of Michigan, the defendant Wetmore made, indorsed, sold, and delivered for value to the First National Bank of Nequanee three certain promissory notes, by each of which the defendant the New York Iron Mine, by the said Wetmore, promised to pay, sixty days after date, for value received, to said First National Bank, $5,000, and that the First National Bank thereupon paid said Wetmore the amount of the said three notes, less the legal interest thereon. That said Wetmore induced said bank to discount said notes by representing to the said bank that he was expressly and duly authorized by the defendant the New York Iron Mine to make said notes; that he could and did by his execution of said notes bind the defendant the New York Iron Mine, its property and assets, for the payment of the same; and that the said bank relied upon the said representations when it discounted said notes, and paid the proceeds thereof to the said Wetmore. The said Wetmore was not authorized by the defendant the New York Iron Mine to make said notes or said representations, and he had no power (except as hereinafter set forth) to bind the defendant the New York Iron Mine, its property or assets, for the payment of said notes; all of which facts he then and there knew and concealed from the said First National Bank. That said Wetmore obtained said money from the said bank for the purpose of enabling him to realize certain interests in the profits of the said New York Mine, and he applied the said proceeds to his own use; and in the books of account of the said defendant the New York Iron Mine, which were then in the possession and control of said Wetmore, as an officer and director thereof, he charged said notes as obligations against himself. That the said bank assigned said notes to one John Michell. That Michell died, and administrators were duly appointed on his estate. That said administrators sold, assigned, conveyed, and delivered the notes, and all the liens and privileges appertaining thereto, to this plaintiff; and that said notes were duly presented for payment, and payment was refused, and said notes were duly protested, and remain wholly unpaid. That the New York Iron Mine was a corporation organized under the laws of the state of Michigan. That its capital stock was 20,000 shares, of which the said Wetmore then owned 5,333 shares, and the said Samuel J. Tilden owned the rest of said shares. That 4,000 shares were at the time of the discounting of the notes by the said bank then in the possession of Tilden as collateral for certain debts of Wetmore under a written instrument dated May 31, 1876, and that it is claimed by Tilden and his executors that said shares became collateral to certain other debts under an instrument dated May 31, 1877. That Wetmore was adjudged a bankrupt, and is wholly insolvent, and a judgment and execution at law would be wholly ineffectual against him.

"The complaint further alleges that Tilden and the New York Iron Mine have omitted to state the accounts of the corporation since May 31, 1877, and to make any dividends of its property or profits; and that the New York Iron Mine has ceased to do business. That Tilden and the New York Iron Mine have procured the incorporation of a company known as the 'New York Mining Company,' and transferred to it, without consideration, all the property of the New York Iron Mine, except cash and negotiable and convertible assets. That Tilden and the New York Iron Mine have procured a new lease in the name of said Tilden and the New York Mining Company of certain

property theretofore held under lease by the New York Iron Mine, and have proceeded to conduct the business of the New York Iron Mine under the name of the 'New York Mining Company.' That Tilden and the New York Mining Company have made profits out of the property transferred to it. That the New York Iron Mine permitted said Tilden to retain in his individual possession all the cash and negotiable and convertible assets of the New York Iron Mine, which amounts to upwards of $400,000. That the executors of said Tilden have in their possession said sum of $400,000. That the defendant Samuel J. Tilden died on the 4th day of August, 1886, and the defendants Green, Bigelow, and Smith were duly appointed the executors of his last will and testament, and that they have qualified and remain such executors. The relief which the plaintiff asks for is for a discovery and an accounting of the assets of the New York Iron Mine in the possession of the said defendant's executors, and of said New York Mining Company, for an account of the property, assets, and profits of the New York Iron Mine, and of the share therein of said William L. Wetmore upon said 5,333 shares of the stock; for an account of the liens upon said shares of said William L. Wetmore of the New York Iron Mine; for an account of the liens upon said share of said defendant's executors; for an account of the liens upon said share of said defendant Peter White. That the defendant the New York Mining Company, and said executors, defendants, may be required to pay to the New York Iron Mine, or a receiver to be appointed for that purpose, such sum as shall be found due upon such accounting, and to transfer and deliver, accordingly, all property and assets of said New York Iron Mine in the possession and control of them or either of them. That upon the share of said William L. Wetmore in the assets and profits of said New York Iron Mine, said corporation shall be decreed to declare and pay such dividends as may appear upon such accounting to be proper. That it be decreed what liens and obligations aforesaid are prior to the lien of the plaintiff, and that so much of such dividend as may be declared or decreed as exceeded the liens and obligations aforesaid, prior to the lien of the plaintiff, may be decreed to be paid to the plaintiff to the extent necessary to discharge said notes. That it be decreed that the lien of the plaintiff upon such share of said William L. Wetmore is valid as against and prior to any lien of said Peter White created subsequently to the date of said notes, or any claim of Mathew H. Maynard, as assignee in bankruptcy of said William L. Wetmore, and as against any lien of the New York Iron Mine, and of said executors, defendants, under the instrument aforesaid, dated May 31, 1877, except for cash then actually advanced and paid on the faith of the same. That a receiver of the property and assets aforesaid be appointed, and that the defendants, during the pendency of the action, and permanently, be enjoined from parting with or disposing of the property aforesaid, except in conformity with the decree of this court; and finally for other relief.

"There are other statements in the complaint which seem to me to be, not statements of facts, but conclusions of law. For instance, it is alleged that the said Wetmore, as owner of 5,333 shares of the capital stock of the said New York Iron Mine, owned and was interested in the capital, property, profits, and assets of said corporation. That the claim and assertion made by said Tilden, and the executors of said Tilden, that said stock is held by them as collateral security, are invalid and inequitable as against this plaintiff. That by virtue of the premises, and otherwise by operation of law and by express assignment, all the right, title, and interest in and to all the property, profits, and assets of the said New York Iron Mine of said William L. Wetmore, which he had on the dates of said notes by virtue of his ownership of said 5,333 shares of stock, were pledged and appropriated for the payment, respectively, of said notes. I do not consider this last statement as an allegation that the said Wetmore assigned his right, title, and interest in any other

way than in the way which the plaintiff claims was an assignment by opera-
tion of law.   It is true that in a portion of the complaint the plaintiff alleges
that by means of the charge which the defendant Wetmore made against him-
self on the books of the defendant the New York Iron Mine, and by 'divers
other means,' said Wetmore authorized and directed said defendant the New
York Iron Mine to pay said notes out of his interest in the said New York
Iron Mine, its property, profits, and assets, and appropriated the same there-
for.   Even if the said Wetmore did authorize and direct the said defendant
to pay said notes, it imposed no legal obligation on the defendant to do as
Wetmore had authorized and directed.   There is no allegation that the New
York Iron Mine ever promised to do as the said Wetmore had authorized and
directed it to do; nor do the facts stated amount in law to an assignment and
appropriation of any portion of the property, profits, and assets of the New
York Iron Mine to the payment of the notes above referred to; nor could the
defendant Wetmore, by his mere statement to that effect, bind the property
and assets of the defendant the New York Iron Mine for the payment of the
said notes.

"The facts alleged in this complaint would not give the plaintiff a lien on
the property and assets of the New York Iron Mine, even if the mine itself
had made the notes.   A stockholder of a corporation, simply as a stockholder,
has no control over the property of the corporation, nor has he the power to
impose any lien thereon.   It is nowhere alleged in the complaint that Wet-
more intended or attempted to create a lien upon the stock of the New York
Iron Mine owned by him, or to assign that stock as collateral security for the
notes made by him.   This court has not the power, nor would it, on proof of
the facts alleged in the complaint, order the New York Iron Mine to declare
and pay such dividends as may appear upon an accounting to be proper.   The
relief can be asked for only by the legal holder of the shares of a corporation,
if by any one; and the complaint shows that the shares of the corporation are
held by some one other than the plaintiff.   It is nowhere alleged that there
are any earnings to divide.   A discovery and an account of the assets of the
New York Iron Mine in the possession of the defendants, executors, and of
the said New York Mining Company, and for an account of the property, as-
sets and profits of the New York Iron Mine, and of the shares therein of
said William L. Wetmore upon said 5,333 shares of its stock, can be decreed
only in favor of a shareholder.   As the plaintiff is not a shareholder, he is not
entitled to this relief; nor will a court of equity decree an account of the
liens upon the share of said Wetmore at the request of a person who has no
lien upon such share.   The facts stated in the complaint do not show that the
plaintiff has such a lien on the shares of said Wetmore, nor did they operate
as an equitable assignment thereof.   See *Williams* v. *Ingersoll*, 89 N. Y. 518.
*Dows* v. *Kidder*, 84 N. Y. 130, is not an authority for the proposition contended
for by plaintiff.   As I read that case, it is an authority for the proposition
only, that when A. converts certain property of which B. is the owner to his
(A.'s) own use, delivers it to C. to sell, and C. sells it, B. has a cause of ac-
tion against C. for the amount of the proceeds of the property that C. had in
his hands at the time he received notice from B. that he (B.) was the owner
of the property.   It also follows that if the plaintiff has no lien on, or assign-
ment of, Wetmore's shares, he (the plaintiff) cannot ask the defendants the
executors of Tilden to account for the profits that they have derived while
holding said Wetmore's shares.   It seems to me that the action against the
New York Mining Company is in the nature of an action to set aside a trans-
fer to that company made by the New York Iron Mine, whom the plaintiff
claims is a debtor of Wetmore, who is plaintiff's debtor, on the ground that
such transfer, as between the New York Iron Mine and the New York Min-
ing Company, was made without consideration, and for the purpose of imped-
ing, embarrassing, hindering, and delaying the owners and holders of said

notes and causes of action. The plaintiff is not a judgment creditor of the New York Iron Mine, nor does he allege that the company is insolvent, and therefore he cannot set aside a transfer made by that company. It does not appear on the face of the complaint that the defendant the New York Mining Company is a foreign corporation, and therefore the demurrer by that company that the court has not jurisdiction of the subject of the action is overruled, and for the same reason that portion of the demurrer of the defendants Tilden's executors is also overruled. The demurrer of the New York Iron Mine is sustained, with costs. The demurrer of the New York Mining Company and of the defendants Tilden's executors, that the complaint does not state facts sufficient to constitute a cause of action, is sustained, but without costs. The plaintiff may amend within twenty days on payment of costs."

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*Roger M. Sherman,* for appellant. *Francis E. Smith,* for respondents.

PER CURIAM. Judgment affirmed, with costs, upon opinion rendered below.