Procedure, which provides that, "on holding the defendant to answer, the magistrate may take from each of the material witnesses examined before him on the part of the people, a written undertaking, to the effect that he will appear and testify at the court to which the depositions and statement are to be sent, or that he will forfeit the sum of $100."

Section 216 of the same Code provides that, where the magistrate is satisfied by proof that there is reason to believe that the witness is an accomplice in the commission of the crime charged, he may require a written undertaking "with such sureties, and in such sum, as he may deem proper for his appearance as specified in the last section." Section 218 provides: "If a witness required to enter into an undertaking to appear and testify, either with or without sureties, refuse compliance with the order for that purpose, the magistrate must commit him to prison until he comply or be legally discharged." The allowance made by the court at the close of the trial awarded the relator all witness' fees to which he was entitled under section 616 of the Code of Criminal Procedure. Section 3318 of the Code of Civil Procedure, which regulates the fees allowed to witnesses in civil cases, only authorizes the per diem allowance for actual attendance upon the court. During most of the time that the relator was confined neither the court of sessions nor the supreme court, in which the trial was had, was in session. I am further of the opinion that had the relator offered to enter into a written undertaking pursuant to section 215 of the Code of Criminal Procedure, without sureties, it would have been the duty of the magistrate to have accepted the same without committing him to the county jail. The section does not expressly authorize the magistrate to require sureties; and in a matter affecting the liberty of a law-abiding citizen, who, through no fault of his own, has become a material witness on a criminal prosecution, no authority should be implied by which a magistrate may require him to execute a written undertaking, with such number of sureties as the magistrate may arbitrarily specify, or stand committed to prison. I am of the opinion that the relator could at any time have obtained his release on a writ of habeas corpus. It not having been shown that the respondent has failed to perform any statutory duty which he owes to the relator, the motion for a writ of mandamus is denied, but without costs.

Motion denied, without costs.

---

(19 Misc. Rep. 307.)

### In re BUSHNELL et al.

(Supreme Court, Special Term, New York County. January, 1897.)

DEPOSITIONS—FOREIGN COMMISSION—COMPELLING WITNESS TO TESTIFY.
    The only power of the courts of New York to compel a witness to testify under a foreign commission is that given by Code Civ. Proc. § 920, which provides that a witness who fails to appear and testify shall be liable to the same penalties as if he were subpœnaed to attend the trial of an action in a justice court; and therefore a motion to compel such witness to testify cannot be granted.

Application to compel John Bushnell and others to answer questions put to them as witnesses before a commissioner appointed under a rule of a court of common pleas in Pennsylvania. Denied.

Lessler & Myers, for the motion.

Evarts, Choate & Beaman (Joseph H. Choate, of counsel), opposed.

TRUAX, J. This is an application to compel John Bushnell and certain other persons to answer questions put to them as witnesses before a commissioner appointed under a rule or order made by the court of common pleas of Warren county, Pa., in a case pending in that court. The depositions in this state are taken under sections 914–920, incl., Code Civ. Proc. Section 915 provides, among other things, that where a commission to take testimony within the state has been issued from the court in which the action is pending, the commission, notice, or other paper, authorizing the testimony to be taken, may be presented in behalf of the party desiring to obtain it to a justice of the supreme court, with proof by affidavit that the testimony of the witness is material to the party. The judge must thereupon issue a subpœna to the witness, commanding him to appear before the commissioner named in the commission, at a time and place specified in the subpœna, to testify in the action. Section 920 provides the penalties that may be imposed upon a person who fails to appear at the time and place specified in the subpœna, or to testify. I am of the opinion that the only power that the courts of this state have to punish for a failure to testify is that given by this section, and that is, the person so refusing is liable to the penalties which would be incurred in a like case if he was subpœnaed to attend the trial of an action in a justice's court; and for that purpose the officer before whom he is required to appear possesses all the powers of a justice of the peace upon a trial. Section 2871 provides that a justice of the peace may punish for contempt by inflicting a fine not exceeding $25, or by imprisonment in the county jail not exceeding five days, or both, in the discretion of the justice. The legislature was under no obligations, except, perhaps, the obligation of comity, to fix any punishment for a refusal to testify under a commission from another state; but, having fixed a punishment, the only punishment that can be inflicted by the court is the punishment fixed by the legislature. The remark of Mr. Justice Macomber in Re Whitlock, 51 Hun, 351, 3 N. Y. Supp. 855, that undoubtedly, under section 915 of the Code of Civil Procedure, a court or judge has power, when it appears that a witness refuses to answer a proper and material question upon commission, to require him to do so, and, in case he fails to answer, to punish him for it, means more than that he can be punished as provided by section 920 of the Code of Civil Procedure, is obiter.

Motion is denied, with $10 costs.