## Robert T. Martin v. The People of the State of Illinois.

1. Depositions—*Under Commission from a Foreign Court.*—Where a commission issues from a foreign court to a person not vested with judicial authority, the proceedings before him, in the absence of a statute, are voluntary.

2. Contempts—*Refusal to Appear Before a Notary and Testify.*— A Circuit Court has no authority to punish a person for contempt in refusing to obey its order to appear and testify before a notary acting under a commission from the District Court of Linn County, Iowa, to take the deposition of such person.

Contempt of Court.—Appeal from an order of the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in this court at the October term, 1897. Reversed. Opinion filed June 29, 1898.

### Statement.

By an order of the Circuit Court of Cook County, Illinois, the appellant, Martin, was found to be guilty of contempt of that court and was adjudged to pay a fine of $10, and upon failure to so do was ordered committed to the county jail until the fine should be paid or he be otherwise discharged, etc.

A commission had issued from the District Court of Linn County, Iowa, to John C. Burchard, of Cook county, Illinois, as notary public and commissioner, to take the depositions of appellant and another to be used in a cause then pending in the Iowa court. Burchard had issued a subpœna, commanding appellant to appear before him as such notary public and commissioner, to answer the interrogatories which accompanied the commission. The subpœna was duly served, but appellant refused to obey. Thereupon Burchard caused notice to be served upon appellant to appear before the Circuit Court of Cook County, and that Burchard would apply to that court for an order upon appellant to obey the subpœna, etc.

Appellant filed an appearance in which it was recited that he appeared "for the sole purpose of objecting to the

jurisdiction of said Circuit Court." Thereupon the Circuit Court entered an order which is recited in the abstract, as follows:

"That said R. T. Martin be and appear before John C. Burchard, notary public and commissioner as aforesaid, at his office, room 47, number 115 Monroe street, at Chicago aforesaid, on Saturday, January 2, 1897, at the hour of two o'clock in the afternoon, and then and there testify to the truth in said suit pending in the said District Court of Linn County, Iowa, wherein R. D. Russell is complainant and Laura W. Walker is defendant, * * * and bring with him and produce at the time and place aforesaid all the receipts, or books or records showing anything with reference to a certain promissory note. * * * To the entry of which order, and each and every part of which, the said R. T. Martin objects and excepts."

Appellant did not obey this order, was ruled to show cause why he should not be committed for contempt, made an answer to the rule which, in effect, denied the jurisdiction of the court, and upon this answer was adjudged in contempt and fined.

From that order this appeal is prosecuted.

MORAN, KRAUS & MAYER, attorneys for appellant.

The power to punish for contempt is an incident to all courts of justice, independent of statutory provision. The People v. Wilson et al., 64 Ill. 195; Clark v. The People, etc., 1 Ill. 340.

A contempt must be either to vindicate the authority or dignity of the court (a criminal contempt), or to enforce the omission or commission of an act necessary to the administration of justice in enforcing some private right (a civil contempt). Lester v. People, 150 Ill. 408; The People v. Diedrich, 141 Ill. 665; Buck v. Same, 60 Ill. 105; Crook v. People, 16 Ill. 534.

The offense complained of is not to enforce a private right of a party litigant, and must, therefore, be a punishment for something done or omitted in the presence of the

court tending to impede or interrupt its proceedings, and is, therefore, and must, therefore, be (if a contempt at all) a criminal contempt. Lester v. The People, *supra;* People v. Diedrich, *supra;* Leopold v. The People, 140 Ill. 552; Crooks v. The People, *supra;* Buck v. Buck, *supra.*

But the contempt in the case at bar can not be construed to be a criminal contempt for the reason that it does not tend to hinder or delay the court in the lawful execution of its authority. Stuart v. The People, 3 Scam. 395; De Beukelaer v. The People, 25 Ill. App. 460, 464.

To be a punishable contempt, the contempt must have been committed in the court which seeks to punish such contempt. Rapalje on Contempt, Sec. 13; People ex rel. County Judge, 27 Cal. 151; Ex parte Tillinghast, 4 Peters (U. S.), 108; Morris v. Whitehead, 65 N. C. 637; Lessee of John Penn, Jr., v. Messinger, 1 Yeates (Pa.) 2; Re Williamson, 26 Pa. St. 9; State v. Harper's Ferry Bridge Co., 16 W. Va. 874, 884.

The court is without jurisdiction to enter the order complained of. Puterbaugh v. Smith, 131 Ill. 199; In re Bushnell et al., 44 N. Y. Supp. 257.

H. S. & F. S. Osborne and Robert F. Pettibone, attorneys for appellees.

The power to punish for contempt is an incident to all courts of justice, independent of statutory provision. People v. Wilson et al., 64 Ill. 195; Clark v. People, etc., 1 Ill. 340.

Contempt is a willful disobedience of an order of court having jurisdiction of the person and of the subject-matter. Leopold v. People, 140 Ill. 552; Burnham v. Stevens, 33 N. H. 247.

Courts of one State or country have assisted those of another to obtain testimony to be offered in evidence in the latter State, from the time of Edward I. to the present, and have, for that purpose, upon proper notice, assumed jurisdiction of the person and of the subject-matter in the case of refusal of witnesses to testify. Burnham v. Stevens, 33 N. H. 247; State v. Ingerson, 62 N. H. 437; Post v. R. R.

Co., 144 Mass. 341; Keller v. B. F. Goodrich Co., 117 Ind. 556, 562; State ex rel. etc. v. Bourne, 21 Ore. 218; 1 Greenleaf on Ev. (13th Ed.) 367; Hall's Practice, 37; Mitford's Pleading, 186, note; 1 Rolle's Abr. 513, pl. 15, temp. Edw. I.

The entitling of the cause is of small moment. The court will consider the merits in any event. People v. Diedrich, 141 Ill. 665, 670.

MR. JUSTICE SEARS delivered the opinion of the court.

The question presented is whether the Circuit Court of Cook County, Illinois, could, either upon the doctrine of comity or under the provisions of our statutes, punish a witness as for contempt. who had refused to obey the subpœna of a notary public of the county, who had been commissioned by the District Court of Linn County, Iowa, to take the deposition of such witness.

Under the provisions of the statute, section 36, chapter 51, Rev. Stat., the court could not enter the order appealed from. That statute has been construed by the Supreme Court in Puterbaugh v. Smith, 131 Ill. 199; and so much thereof as might authorize such summary proceeding by the Circuit Court was by that decision declared unconstitutional. The court said: " Where a person refuses to appear before a notary public and give his deposition, in obedience to a subpœna issued by him, it may be truly said that he acts in contempt of the authority of the notary; but how can it be said that he thereby acts in contempt of the Circuit Court, or of the judge of that court? He owed, by reason of the service of the subpœna, no duty to the Circuit Court or to the judge thereof. As to the Circuit Court and its judge, his failure to obey the subpœna simply places him in the same situation as all other willful violators of the law. * * * It (the General Assembly) can not make that punishable as a contempt which, in the nature of things, can not be a contempt of the authority imposing the punishment. * * * But where an individual is being proceeded against in one tribunal for an act done in the presence and in derogation of the authority of a different tri-

bunal, the ability of the trial tribunal to exercise its proper functions is not involved.   The act charged had no tendency to hinder or delay it in the lawful execution of its authority. * * * Wherever there is a criminal prosecution, and that is always the case where the proceeding is an original one to have the party punished for a violation of a statute, the defendant is entitled under the Constitution to a jury trial.   So much of the present statute, therefore, as authorizes the circuit judge to proceed summarily and without a jury, being contrary to the Constitution, is void, and not law."

Neither can the order in question be justified upon the doctrine of comity.   It is true, as argued by counsel for appellee, that the courts of one jurisdiction will aid those of another in the obtaining of testimony.   But not by such summary proceeding.   Courts of chancery have frequently assumed jurisdiction to aid the prosecution of a civil suit in a sister State, and to that end have entertained bills of discovery.   The decisions cited by counsel are in cases where jurisdiction was obtained either by the exhibiting of bills of discovery or under letters rogatory.

Where a commission issues from a foreign court to a person not vested with judicial authority, the proceedings before him, in the absence of statutes, are voluntary.   Wharton on Conflict of Laws, 723; In re Bushnell, 44 N. Y. Supp. 257; In re Searls, N. Y. Court of Appeals, reported in the National Corporation Reporter, Vol. 16, p. 388.

We have a statute providing for the proceeding before such a commissioner, but the interpretation of that statute by our Supreme Court has been noted; and this order can not be sustained as "an original proceeding to have a party punished for a violation of the statute."

The order is reversed.