In the Matter of the Application of JOSIAH CANTER, Appellant, to Vacate the Service of a Subpœna upon him.

HERBERT H. WARD, Attorney-General of the State of Delaware, Respondent.

*Power of the Supreme Court of the State of New York to compel a resident thereof to testify therein before a commissioner appointed by a court of another State — proof that the commission was issued to take testimony in the State of New York.*

*Quære*, whether, under section 915 of the Code of Civil Procedure, the Supreme Court of the State of New York has power to issue a subpœna to compel a person residing in the State of New York to appear and give testimony in the State of New York before a commissioner appointed by a court of record in a foreign State in an action pending in such court between residents of the foreign State.

Even if section 915 does authorize the issuing of a subpœna in such a case, the subpœna will not be issued unless it is shown that the commission was issued to take testimony within the State of New York.

APPEAL by the petitioner, Josiah Canter, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of March, 1903, denying the petitioner's motion to vacate the service upon him of a subpœna theretofore issued upon the application of the respondent.

*Franklin Bien*, for the appellant.

*Henry L. Scheuerman*, for the respondent.

LAUGHLIN, J.:

Upon a petition of the Attorney-General of the State of Delaware, a justice of the Supreme Court of this State issued a subpœna to the appellant, a resident of the borough of Manhattan, commanding him to appear in said borough at a time and place specified to testify in behalf of the plaintiff in a suit pending in the Superior Court of Delaware between the State on the relation of its Attorney-General and the Delaware Surety Company, a corporation of that State. The appellant, upon notice, moved to vacate the subpœna upon various grounds, the substance of which is that its issue was not authorized by law.

Of course, parties to a litigation in a foreign State or country may take the deposition of a witness within this State where the testimony is given voluntarily. Here, however, the witness is unwilling to testify, and the question for decision is whether, on the facts presented, he can be compelled to appear and submit to an examination. There is no inherent authority in the Supreme Court to issue a subpœna to compel the attendance of a witness to give testimony in this State to be used without the State; and such authority, if it exists at all, must be found in some statute enacted for the purpose of carrying into effect the comity existing and that should exist between this State and other States or countries with reference to facilitating the administration of justice. (*Matter of Spinks*, 63 App. Div. 236; *Martin* v. *People*, 77 Ill. App. 311.) The only statutory enactments on this subject are found in article 3 of title 3 of chapter 9 of the Code of Civil Procedure, now embracing sections 914, 915 and 919. Section 914, so far as material, provides that a party to an action or a suit pending in a court in another State or country may, in the manner prescribed in said article, obtain the testimony of a witness in this State to be used in the action or suit. Section 915 provides that the Supreme Court or County Court, or a judge of either court, "shall, in a proper case, on the presentation of a verified petition, issue a subpoena to the witness, commanding him to appear" at a time and place specifiep, before the person authorized to take the testimony, "where a commission to take testimony within the State has been issued from the court in which the action, suit or special proceeding is pending; or where a notice has been given or any other proceeding has been taken for the purpose of taking the testimony within the State, pursuant to the laws of the State or country wherein the court is located, or pursuant to the laws of the United States, if it is a court of the United States." It will be observed that the authority to issue the subpœna is confined to cases where the commission has been issued to take testimony within this State, or where a notice has been given, or some other proceeding has been taken, "for the purpose of taking the testimony within the State," pursuant to the laws of the foreign State or country wherein the action is pending, or pursuant to the laws of the United States if it be pending in a Federal court.

The first contention of the appellant is that it has not been shown that the commissioner before whom the witness is commanded to appear is authorized by any commission, notice or other proceeding to take testimony of witnesses within this State.  The only authority upon which the Attorney-General relies is an order purporting to have been made by the Superior Court of Delaware on the 22d day of December, 1902, by a prothonotary of said court " for taking the testimony of witnesses on behalf of the plaintiff, without written interrogatories filed, upon oral examination and subject to cross-examination and re-examination by the parties or either solicitor, before a commissioner to be appointed by any judge of the Superior Court," and a certificate or order of the chief justice of said court made on the 24th day of December, 1902, upon the application of the Attorney-General upon said order of December twenty-second, appointing Charles G. Guyer a commissioner to take the testimony of witnesses on behalf of the plaintiff in said action pending in said court, " without written interrogatories filed, upon oral examination and subject to cross-examination and re-examination by the parties or either solicitor ; " and a commission issued on the same day by a prothonotary to said Guyer as a commissioner pursuant to said certificate or order, " to call before you at a certain day and place by you to be appointed for that purpose, all and every person or persons who shall or may be named unto you by the said plaintiff as a witness or as witnesses in the said cause, and then and there to examine such person or persons upon oath or affirmation, without written interrogatories filed, upon oral examination and subject to cross-examination and re-examination by the parties or either solicitor touching the premises, and reduce the same testimony to writing ; and when you shall have so done, you are to send the same to us, at least six days before our said Superior Court, to be held at Wilmington, on Monday, the second day of February next, closed up under your seal, together with this commission."

Rule 5 of the Superior Court of Delaware, referred to in the application upon which the chief justice issued said certificate or order, provides that upon the application of either party the prothonotary shall enter an order for taking the testimony of witnesses on behalf of such party without written interrogatories, upon oral examination and subject to cross-examination and re-examination

before a commissioner to be appointed by any judge of the court; that the prothonotary shall issue a commission to the commissioner and that at least fifteen days' notice shall be given to the attorney for the adverse party of the time and place for the examination of witnesses. It then provides for adjournments, for the method of taking, certifying and returning the examination.

So far as disclosed by this record, there is nothing in the application for the commission or in the order or commission itself, showing that it was contemplated that the commission was to be executed outside of the State of Delaware, or in this State. Nor do we find anything in said rule 5 authorizing its execution beyond the jurisdiction of the court which issued it. The commissioner named is a resident of Delaware. The Attorney-General makes affidavit that the Superior Court is a court of record and is authorized by the statutes of Delaware to issue commissions for taking depositions in the State of New York and to appoint either a resident or non-resident commissioner; that this commission is fully authorized by the laws of Delaware; and he states in his petition for the subpœna that the testimony, if taken under this commission, "is authorized to be received in evidence on the hearing of said suit in the Superior Court" of Delaware. This, however, does not remove the objection, made under section 915 of the Code of Civil Procedure, which is the only authority by which the attendance of a witness can be compelled for this purpose, that it does not appear that the commission was issued to take testimony within this State. The disobedience of a subpœna issued by a court or judge pursuant to the provisions of section 915 of the Code of Civil Procedure is a contempt of court and punishable as such. It is manifest, therefore, that the subpœna should not be issued based on the commission, unless it is shown that the commission was issued to take testimony within this State. Owing to this omission, the subpœna was not authorized, and it becomes unnecessary to determine whether these provisions of the Code confer authority to require the attendance within this State of a witness before a non-resident commissioner.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion to vacate the subpœna should be granted, with ten dollars costs.

Patterson, McLaughlin and Hatch, JJ., concurred.

VAN BRUNT, P. J. :

I concur in result. I do not think that any foreign court can confer upon a foreigner the right to exercise semi-judicial functions in this State.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.