A subpœna issued under the commission of a foreign court to take testimony in the state must be vacated for defect in jurisdiction of the foreign court.

**2. CORPORATIONS—FOREIGN CORPORATIONS—WINDING UP—JURISDICTION.**

Canadian Winding-up Act (Rev. St. Canada, c. 129, as amended by 52 Vict. c. 32, § 3), limits the application of the act to corporations incorporated by the Parliament of Canada or other Canadian legislative bodies, and whose affairs are subject to the legislative authority of the Parliament of Canada. *Held*, that a Canadian court has no jurisdiction to wind up a corporation created by the Laws of West Virginia.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2420, 2422.]

**3. SAME.**

A Canadian court has no jurisdiction to wind up a corporation created under the laws of West Virginia where the proceedings are not ancillary to others already pending in the courts of its domicile, and where by the laws of its domicile provision has been made for such proceedings, and where no personal service has been made on any officer of the company.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2420, 2422.

4. SAME—NOTICE—NECESSITY.
   Where the Canadian winding-up act requires notice to creditors, contributors, and shareholders of the corporation, and no such notice is in fact given, the court has no jurisdiction to make a winding-up order against such corporation.
5. DEPOSITION—COMMISSION FROM FOREIGN COURT.
   Where an action brought in the Canadian courts to wind up a corporation is held without jurisdiction, a commission to take a deposition in New York, issued for the purpose of discovering debts supposed to be due from the shareholders to the company, is not within Code Civ. Proc. §§ 914, 915, compelling an officer of the company as a witness to answer certain questions and produce the books of the company.

In the Matter of the Great Northern Construction Company. In Liquidation. Motion to compel the production of certain books and papers, and to vacate a subpœna duces tecum.

Redding, Kiddle & Greeley (Charles A. Wendell, of counsel), for Lucius E. Varney, commissioner.

Robinson, Allen & Hoy (Nelson L. Robinson, of counsel), for Great Northern Const. Co.

FITZGERALD, J. In this proceeding two motions, arising from the same facts, involving the same issues and treated together by counsel, are presented to the court. One, under sections 914 and 915 of the Code, by a commissioner, under a commission from the superior court for Lower Canada, issued at the instance of the above-named liquidator, and in aid of which a subpœna duces tecum was issued by this court, to compel a witness, an officer of said company, to answer certain questions propounded to him, and to produce certain books and documents of said company, which he has refused to answer and produce respectively; and the other by the said company and witness to vacate the said subpœna duces tecum issued out of this court. The said company is a West Virginia corporation, with its principal office in New York city. The said liquidator was appointed by an order of the said Canadian court, under the provisions of the Canadian "Winding-up Act," upon the petition of certain alleged creditors of the company, who have also instituted in the Canadian courts an action against the company, which, being defended, is still pending; and his application is made primarily upon the allegation that it is impossible for him to properly perform the duties imposed upon him by said act without possession and inspection of the said books and documents, and that the production of said books and documents, and the testimony of said witness, are necessary to ascertain and make an accounting of the affairs of the company. Assuming, for the purposes of argument, that, as required by the said sections of the Code, there is pending in the Canadian court a civil suit or special proceeding, to which the said liquidator is a party, and in which the said testimony and books and papers are to be used, we are confronted at the outset with the serious doubt as to the jurisdiction of that court to make the winding-up order, the authority of the moving party and the validity of the commission and subpœna issued.

This question of jurisdiction, as to foreign judgments, is always open (Thompson v. Whitman, 18 Wall. 457, 461, 21 L. Ed. 897; Pen-

noyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; St. Clair v. Cox, 106 U. S. 359, 1 Sup. Ct. 354, 27 L. Ed. 222), and a subpœna issued under the commission of a foreign court to take testimony in this state must be vacated for jurisdictional defects. Matter of Canter, 82 App. Div. 103, 106, 81 N. Y. Supp. 416. The court should have jurisdiction of the subject-matter and of the person; want of jurisdiction over either may always be set up against a judgment when sought to be enforced or any benefit is claimed under it. Borden v. Fitch, 15 Johns. 121, 8 Am. Dec. 225; Ferguson v. Crawford, 70 N. Y. 256, 257, 26 Am. Rep. 589. The original provisions of section 3 of the Canadian Winding-up Act (R. S. of Canada, c. 129, as amended by the statute 52 Vict. c. 32, § 3), limit its application to all corporations "incorporated by or under the authority of the Parliament of Canada," or of various other Canadian legislative bodies, "and whose incorporation and the affairs whereof are subject to the legislative authority of the Parliament of Canada," in which class the above-named corporation is not included. The dissolution and winding up of the affairs of a domestic corporation cannot be decreed by a court of equity, on the suit of an individual, unless expressly authorized by statute (Kincaid v. Dwinelle, 59 N. Y. 548); "much less can those powers be exercised with respect to a foreign corporation." Mining Co. v. Field, 64 Md. 151, 20 Atl. 1039. An English corporation cannot be dissolved and its business wound up by an American court. Berford v. N. Y. Iron Mine (Super. N. Y.) 4 N. Y. Supp. 836; Fisher v. Charter Oak Life Ins. Co., 52 N. Y. Super. Ct. 179; Redmond v. Enfield Man. Co., 13 Abb. Prac. (N. S.) 332. And the courts of Canada have themselves (Merchants' Bank v. Gillespie, 10 Can. Sup. Ct. 325; In re Scottish Asbestos Co., 18 Can. Sup. Ct. 667) declared that, unless the proceedings were ancillary to others already pending in the courts of the domicile of the corporation, (which is not the case here) such dissolution and winding up can be judicially obtained only in the forum of the corporation's domicile, i. e., within the limits of the sovereignty creating it (Chicago & N. W. R. R. Co. v. Whitton, 80 U. S. 270, 20 L. Ed. 571; Mueller v. Dows, 94 U. S. 444, 24 L. Ed. 207), and for which, in this case, the Code of West Virginia has made appropriate and adequate provision. Furthermore, the provisional and final orders in the winding-up proceeding were not obtained after or upon personal service of any process upon any officer of the corporation, but after publication of notice to appear in a Canadian newspaper; and it is alleged that neither then nor since did the company have any office, officer, agent, representative, or property in the Dominion of Canada or transact any business therein. The courts of one state cannot render a valid judgment in personam against a foreign corporation where it received no notice other than by publication, and where it does not appear in the action (6 Thomp. Corp. § 8050); or even where one of its officers temporarily traveling in that state was served. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. It is true that the record of the proceedings in which the order appointing the final liquidator herein was made does show its appearance by its Canadian counsel, and its participation therein by the cross-examina-

tion of the one witness called; but the affidavits show that appearance and participation to have been entirely unauthorized, and due to a rather natural mistake of that counsel—facts which may always be proved to defeat a foreign judgment or an action based thereon. Nordlinger v. De Mier (Sup.) 7 N. Y. Supp. 463; Kerr v. Kerr, 41 N. Y. 272; Hoffman v. Hoffman, 46 N. Y. 30, 7 Am. Rep. 299; Sperry v. Reynolds, 65 N. Y. 181; Ferguson v. Crawford, supra. Indeed, apart from mere denials of the allegations of the petition that appearance and participation were, consistently with the position now taken by the company, limited to the assertion of the objection of the court's lack of jurisdiction. Again, it is asserted by the company, and not denied by the liquidator or commissioner, that the winding-up order was made without notice to creditors, contributors, shareholders, or members of the company, as required by section 24 of said act, an omission which requires a renewal of the proceedings. Shoolbred v. Union Fire Ins. Co., 15 Can. Sup. Ct. 624. The order recites such notice; but if facts necessary to give a foreign court jurisdiction do not exist the record will be a nullity, notwithstanding its recital of their existence.

Finally, it is contended and, so far as the papers submitted to me disclose, it is not denied, that the commission herein was issued without notice to the corporation, contrary to rule 47 of the rules of practice of the superior court of Canada. But, apart from the said questions of jurisdiction and consequent validity or invalidity of the proceedings under the commission and subpœna herein, it does not seem that there existed here the necessary facts required by sections 914 and 915 of the Code and the general rules of practice (which constitute the only legal provisions for taking depositions within the state for use without the state) to authorize the issuance of said subpœna; there is no action pending in the court from which the commission issued between the company and the liquidator; the latter is not a party to or in any proceeding, accounting, or otherwise, pending in said court, and the testimony of the witness herein demanded could not be used in any action or proceeding against other persons, because they are not parties to the proceeding and have no opportunity for cross-examination. Again, it is obvious from the papers that the application to compel the testimony and the production of books and papers is not made, as originally claimed, to enable the liquidator to perform the duties imposed upon him by statute, and to ascertain and make an accounting of the company's affairs. On the contrary, it appears that its object is to ascertain such facts as will show that, and to discover in what sums of money, the shareholders are indebted to the company, that proceedings may be instituted for the recovery thereof. The witness swears explicitly that the counsel for the liquidator and his Canadian creditor told him that such was the case, an allegation which is not denied; indeed, the affidavit of the liquidator himself states that he has been credibly informed that the stockholders of the company, on payment of their subscriptions to the capital stock, received certain bonds worth three times the value of the stock subscribed and paid for, the indebtedness for which constitutes the only asset of which he knows,

and to recover which the institution of proceedings and examination of the said books and papers are necessary.

While his counsel, after alleging information that said bonds have been distributed to said stockholders, and especially to those resident in Canada, in the nature of dividends or profits, expressly admits such are the purposes, immediate and ultimate, of this application. If they have such information they should institute actions for the recovery of said bonds or their value, when they might obtain the testimony, books, and papers now sought by means of a commission and subpœna or examination before trial. But no cause of action exists against the stockholder of a corporation, on the claim of its creditor, until the entry of judgment and the return of execution unsatisfied (Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, 37 L. Ed. 577), which course has not been pursued by the creditor here. The examination of a party to an action before trial, or the taking of a deposition to perpetuate testimony will not be authorized to enable the examining party to ascertain whether he has a cause of action against other persons (Ziegler v. Lamb, 5 App. Div. 48, 40 N. Y. Supp. 65; Matter of Anthony & Co., 42 App. Div. 66,. 58 N. Y. Supp. 907; Matter of White, 44 App. Div. 119, 60 N. Y. Supp. 702; Matter of Spinks, 63 App. Div. 235, 237, 71 N. Y. Supp. 398); and "fishing expeditions," as they have been judicially characterized, which seek information, not evidence, for use in instituting further proceedings against persons not parties, have been uniformly prevented by the courts of this state. Tenney v. Mautner, 1 Civ. Proc. R. 64; Muller v. Levy, 52 Hun, 123, 5 N. Y. Supp. 118; Tenoza v. Pelham Hod E. Co., 50 App. Div. 581, 64 N. Y Supp. 99; Jenkins v Putnam, 106 N. Y. 272, 12 N. E. 613. The witness has the mere assurance of the counsel for the liquidator and creditor that he is seeking to enforce the liability of the Canadian stockholders who received such bonds; but the witness himself and the other resident stockholders might find themselves defendants as the result of the examination here sought. The Canadian winding-up act is, in effect, an insolvency law of limited territorial effect, and its provisions and proceedings under it will not be enforced in this state to the prejudice of residents or persons doing business here (Willitts v. Waite, 25 N. Y. 577; Hibernia Nat. Bank v. Lacombe, 84 N. Y. 367, 38 Am. Rep. 518; Barth v. Backus, 140 N. Y. 230, 35 N. E. 425, 23 L. R. A. 47, 37 Am. St. Rep. 545; Reynolds v. Adden, 136 U. S. 348, 10 Sup. Ct. 843, 34 L. Ed. 360), especially where the remedy sought is unknown to the courts of this state. Anderson v. Haddon, 33 Hun, 435; Christensen v. Eno, 106 N. Y. 103, 12 N. E. 648, 60 Am. Rep. 429; Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654. And the comity existing between the courts of this state and those of foreign countries is not so extensive as to require us to give effect to the laws and judicial proceedings of those countries, in contravention of our own laws or public policy, or in detriment to the rights of our own citizens vested thereunder. 6 Thomp. Corp. §§ 7337, 7339.

For these reasons the motion to compel the answers of the witness

and the production of books and papers is denied, with costs, and the motion to vacate the subpœna duces tecum is granted, with costs. Settle orders on notice.

Ordered accordingly.