(56 Misc. Rep. 319.)

### In re ROMERO, Mexican Consul General.

(Supreme Court, Special Term, New York County. November, 1907.)

1. COURTS.

The courts of the state will not, at the request of the Mexican court, order the service of a summons and complaint issuing out of such foreign court on a resident of the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1432.]

2. SAME—SERVICE OF PROCESS.

An order for the service of a summons and complaint in an action in a Mexican court by a resident of that country for legal services rendered therein for defendant, a New York corporation, having neither office, business, nor property in Mexico, will be vacated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1432.]

In the matter of the application of Cayetano Romero, consul general of the republic of Mexico. Motion of the Manhattan Trust Company to vacate an order directing service on them. Motion granted.

Curtis, Mallet-Prevost & Colt, for petitioner.
Strong & Cadwalader, for Manhattan Trust Company.

O'GORMAN, J. This is a motion by the Manhattan Trust Company of the city of New York to vacate an order entered herein on October 30, 1907, directing the service upon the trust company of certain so-called letters rogatory issuing out of the Second civil court of the city of Mexico. The papers issued by the Mexican court are not in the nature of letters rogatory, but appear to be a summons and complaint in an action instituted in that court by a resident of Mexico for legal services alleged to have been rendered in that country to the Manhattan Trust Company. In substance the Mexican court requests the courts of this state to order the service of a summons and complaint issuing out of a foreign court upon a resident of this state. It is clear that the courts of this state possess no power to perform such a function. By statute our courts will assist in the execution of foreign letters rogatory for the examination of witnesses within our ju-

risdiction; but even as to such process there is no inherent or implied power in the court. The authority must be found in the statute. Matter of Canter, 82 App. Div. 103, 81 N. Y. Supp. 416.

If, however, the court possessed the power, it should not be exercised in this case. The Manhattan Trust Company has no office in Mexico. It has no business and has no property in that republic. It is a New York corporation, with its offices in New York City. The Mexican court, therefore, has not and cannot obtain jurisdiction over the defendant. The principle is well recognized that no court can acquire jurisdiction over a person not located within the jurisdiction and having no property therein. The authority of every tribunal is confined to person and property within the territorial limits of the state or country in which it is established. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Story, Confl. Laws, § 539; 12 Ency. Pl. & Pr. 143. It is conceded that our own courts could not by the service of a summons in the republic of Mexico acquire jurisdiction of a citizen of Mexico having no property in this state. The doctrine is well established that the laws of a foreign country will not be enforced, if such enforcement will contravene the settled policy of the forum or be prejudicial to the interests of its own citizens. 22 Am. Eng. Ency. of Law, 1319. Motion to vacate order granted.

Motion granted.