### In re LETTERS ROGATORY OUT OF FIRST CIVIL COURT OF CITY OF MEXICO.

(District Court, S. D. New York. June 30, 1919.)

No. 477.

COURTS ☞512—FOREIGN SUMMONS NOT ORDERED SERVED WHERE FOREIGN COUNTRY COULD RENDER PERSONAL JUDGMENT.

A court of the United States will not order service on an American resident of summons from a court of a foreign country in compliance with a letter rogatory requesting such service, where under the laws of such country the defendant might be subjected to a personal judgment on his default.

In the matter of letters rogatory issued out of the First Civil Court of the City of Mexico. On motion to vacate order for service of summons. Motion granted.

Almy, Van Gordon & Evans, of New York City, for the motion.
Felder, Gilbert, Campbell & Barranco, of New York City, opposed.

AUGUSTUS N. HAND, District Judge. This is a motion to vacate an order directing the service of a summons within this district upon a resident to answer to a suit brought against him in the republic of Mexico for the payment of rent and redelivery of certain property which is claimed by virtue of a contract of lease made in the city of Mexico for the term of one year, from June, 1914, to June, 1915. The process was accompanied by a request from the judge of the court having jurisdiction in the city of Mexico that process of that court be served upon defendant in New York. This judicial request is said to come within the definition of letters rogatory in the civil law, is addressed to any one who may be a judge having jurisdiction over a civil case in the city of New York, and, as translated, reads as follows:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"In order that such decisions may be accomplished in the name of the national sovereignty existing between the two nations, allow me the honor of sending this requisitorial letter, begging that, when you get it, do me the favor of deciding to accomplish it in its terms, and, when it is made, send it back to this court, assuring you my reciprocity in similar cases at your request."

I am referred to the following articles of the Civil Code of Mexico deemed to be applicable to the situation:

"Art. 25. Both Mexicans and foreigners residing in the federal district or in (Lower) California may be sued in the courts of this country, on obligations contracted with Mexicans or foreigners within or without the republic.

"Art. 26. They may also be sued in said courts, even though they do not reside in said places, if they have property which is affected by any obligations contracted or if the same are to be performed in said places."

By reason of the foregoing provisions, it is apparently possible through the aid of this court to render the person sought to be served subject to a personal judgment in Mexico, because the contract sued upon was to be performed there. Such a result is contrary to our own system of jurisprudence, which treats the legal jurisdiction of a court as limited to persons and property within its territorial jurisdiction. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. It is undesirable, in my opinion, to aid a process which may require residents of this district to submit to the burden of defending foreign suits brought in distant countries, where they have no property, or as an alternative to suffer a personal judgment by default, which will be enforceable against them personally whenever they may enter the foreign territory. As a matter of policy, the matter would be quite different, if the effect of the service would only be a judgment enforceable against property of the defendant in Mexico.

While this court has power to execute letters rogatory in the sense in which the term is used in the American and English law, neither it nor, so far as I can discover from the reported decisions, any other American or English court, has by an order directing the service of process aided a foreign tribunal to acquire jurisdiction over a party within the United States. Letters rogatory have been so long familiar to our courts, and so exclusively limited by understanding and in practice to proceedings in the nature of commissions to take depositions of witnesses at the request of a foreign court, that I should hardly feel inclined to assume such a novel jurisdiction as is proposed without statutory authority, even if I regarded the case as one where, as a matter of sound policy, aid should be given to the foreign tribunal.

The New York Supreme Court reached a similar conclusion to the one I have arrived at, for much the same reasons that I have given, in the Matter of Romero, 56 Misc. Rep. 319, 107 N. Y. Supp. 621.

It is unnecessary to discuss whether the general power of this court to execute letters rogatory is inherent in it as a court, or is derived solely from section 875 of the Revised Statutes (Comp. St. § 1486). In re Letters Rogatory (C. C.) 36 Fed. 306; In re Pacific Railway Commission (C. C.) 32 Fed. 256; De Villeneuve v. Morning Journal Ass'n (D. C.) 206 Fed. 70.

The motion to vacate the order is granted, both on the ground that the judicial aid invoked is without precedent, and also because it is contrary to the ideas of American courts as to the limits of judicial jurisdiction.