In re **LETTERS ROGATORY FROM the CITY OF HAUGESUND, NORWAY,**
Harvey D. Emett, Appellant.
No. 72–1680.

United States Court of Appeals,
Ninth Circuit.
May 10, 1974.

Edwin J. Welsh (argued) Welsh & O'Donnell, Portland, Or., William G. Dick, Dick & Dick, The Dalles, Or., for appellant.

Bruno A. Ristau, Washington, D. C. (argued), Morton Hollander, Harlington Wood, Jr., Acting Asst. Atty. Gen., Civ. Div., Dept. of Justice, Washington, D.

C., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before DUNIWAY and SNEED, Circuit Judges, and BEEKS,* District Judge.

## OPINION

DUNIWAY, Circuit Judge:

In November, 1971, the Norwegian Embassy in Washington, D. C., pursuant to 28 U.S.C. § 1781, transmitted to the United States government a request for judicial assistance under 28 U.S.C. § 1782 [1] in connection with a letter rogatory issued by the City Court of Haugesund, Norway. The letter rogatory sought testimony from appellant Emett regarding a paternity suit instituted against him in Norway and also requested delivery to Emett of a "Notice to Party to Appear at Final Hearing" if he refused to waive notice of subsequent court proceedings in Norway.

A United States Magistrate was appointed by the United States District Court for the District of Oregon to carry out the requests of the letter rogatory. A notice of deposition was then served on Emett on November 30, 1971. He moved for a protective order to stay the taking of his deposition and the service upon him of the Norwegian notice, but this motion was denied by the Magistrate and a hearing was held on January 20, 1972. At the hearing Emett was asked whether he had been in Norway in 1969. He refused to answer on the ground that to do so might incriminate him in Norway. He was asked this question again and was directed by the Magistrate to answer, but he again refused, whereupon the Magistrate asked him whether he waived notice of later court proceedings in Norway. Emett refused to waive notice, so he was served with the "Notice to Party to Appear at Final Hearing." Emett then moved in the district court to quash service of the Norwegian notice and appealed the ruling of the Magistrate to the district court. That court denied his motions for a protective order and to quash service of the "Notice to Party" and further ordered him to answer the questions put to him in the proceedings. This appeal followed, purportedly under 28 U.S.C. § 1291. We dismiss the appeal from the district court's order directing Emett to answer and affirm the district court's denial of his motion for a protective order and to quash service.

## I. *The Refusal to Answer.*

28 U.S.C. § 1291 provides for appeals from *"final decisions* of the district courts. . . ." (emphasis added)

Alexander v. United States, 1906, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686, is in point. In that case the government had filed in the Circuit Court of the United States for the District of Minnesota an antitrust case against a number of corporations. That court appointed a special examiner to take the testimony of certain witnesses in Wisconsin. It also issued a subpoena duces tecum for the witnesses. The witnesses appeared but declined to testify or to produce the demanded papers. The government petitioned the then Circuit Court for the

---

* The Honorable William T. Beeks, Senior United States District Judge for the Western District of Washington, sitting by designation.

1. 28 U.S.C. § 1782 provides in part:
   (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued . . . by a foreign . . . tribunal . . . and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. . . .
   A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

District of Wisconsin for an order requiring the witnesses to testify and to produce the documents. Such an order was entered, and the witnesses appealed to the Supreme Court. The Court dismissed the appeals because the orders were not final judgments:

> Let the court go further and punish the witness for contempt of its order, then arrives a right of review, and this is adequate for his protection without unduly impeding the progress of the case. . . . This power to punish being exercised the matter becomes personal to the witness and a judgment as to him. Prior to that the proceedings are interlocutory in the original suit. *Id.* at 121–122.

*See also* Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L. Ed. 783.

The court so held in spite of the fact that the proceeding in the Circuit Court for the District of Wisconsin was a separate proceeding, ancillary to the case pending in the District of Minnesota.

The *Alexander* principle applies to the case at bar, although here the proceeding is ancillary to a case pending before a foreign tribunal, rather than to a case pending in another district in this country. The authority of the court from which appeal is taken should be fully exercised before its order can be said to be final. *Cf.* Bova v. United States, 2 Cir., 1972, 460 F.2d 404.

Emett cites In re Letters Rogatory Issued by Director of Inspection of Government of India, 2 Cir., 1967, 385 F.2d 1017, to support his argument that the district court's order here is final and therefore appealable. *Government of India* involved an investigation by the Director of Inspection to enable him to assess the tax liability of one A. K. Jain, a Calcutta taxpayer. A district court, pursuant to letters rogatory from the Director of Inspection, appointed a commissioner and a subpoena duces tecum was issued to Brown Brothers, Harriman & Co. to produce records and other information relevant to the determination of the amount Jain should be assessed. Jain and Brown Brothers, Harriman & Co. moved to vacate the order of the district court and to quash the subpoena. The motion was denied, and the appeal was from the order of denial. The Second Circuit held the order appealable, on the ground that "the proceeding before the district court to compel testimony stands separate from the main controversy." 385 F.2d at 1018. That, however, was also the situation in *Alexander*. In *Cobbledick*, the appellant was a witness subpoenaed to testify before a grand jury. In a sense, he, too, was "separate from the main controversy."

In the only other case involving letters rogatory that has come to our attention, Janssen v. Belding-Corticelli, Ltd., 3 Cir., 1936, 84 F.2d 577, the holding as to appealability was similar to that in *Government of India, supra*. There, the letters rogatory were ancillary to a law suit pending in Canada, and the subpoenaed witness in this country had no direct connection with the law suit.

It is perhaps significant that in both *Government of India* and *Janssen, supra,* the ultimate holding was that the court had no authority to respond to the letters rogatory at all. In *Government of India* this was on the ground that the Indian Director of Inspection was not a "tribunal" within the meaning of 28 U.S.C. § 1782(a). In *Janssen* the ground was that there was at that time no statute authorizing the procedure, a lack of which was remedied in 1964 by the enactment of 28 U.S.C. §§ 1781–1784. We also find it significant that § 1784 expressly provides for the contempt remedy relied upon by the Court in *Alexander* and *Cobbledick, supra,* in holding that the orders there involved were not "final."

█ We need not, however, decide whether we would follow *Government of India* and *Janssen* in an appropriate case. We find them not in point here. The main controversy in the present case directly involves Emett. It is the

paternity suit of Bjorg H. Johnsen and her daughter born on 9 June 1970 v. Harvey D. Emett, currently pending in the City of Court of Haugesund, Norway. Emett is no stranger to that proceeding, and the information sought by the letter rogatory and the questions asked him directly relate to that litigation. Under the rationale of *Alexander* and *Cobbledick*, therefore, the district court's order was interlocutory, not final, and we cannot review it.

## II. *Service of Norwegian Notice.*

28 U.S.C. § 1696(a) provides, in pertinent part, that

> The district court of the district in which a person resides or is found may order service upon him of any document issued in connection with a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued . . . by a foreign . . . tribunal. . . . Service pursuant to this subsection does not, of itself, require the recognition or enforcement in the United States of a judgment, decree, or order rendered by a foreign . . . tribunal.

Emett argues that service upon him of the Norwegian notice will render him liable to a personal judgment, and that service should therefore be quashed, citing In re Letters Rogatory Out of First Civil Court of City of Mexico, 261 F. 652 (S.D.N.Y.1919). The court there refused to honor a Mexican court's request to service process on a New York resident. Under Mexican law, the court reasoned,

> it is apparently possible through the aid of this court to render the person sought to be served subject to a personal judgment in Mexico, because the contract sued upon was to be performed there. Such a result is contrary to our own system of jurisprudence, which treats the legal jurisdiction of a court as limited to persons and property within its territorial jurisdiction. . . . I should hardly

feel inclined to assume such a novel jurisdiction as is proposed *without statutory authority*. . . . *Id.* at 653 (emphasis supplied).

The court in In re Romero, 56 Misc. 319, 107 N.Y.S. 621 (Sup.Ct.1907), reached a similar result.

We note, first, that these cases were decided long before the modern development of "long arm" jurisdiction. *See, e. g.*, Duple Motor Bodies, Ltd. v. Hollingsworth, 9 Cir., 1969, 417 F.2d 231. We note, second, that these cases long preceded the enactment of § 1696(a) in 1964. That section provides the statutory authority to serve upon appellant *any* document related to a foreign proceeding. The House Report confirms the reach and limits of the statute:

> . . . U.S. courts have been reluctant to comply with a letter rogatory containing a request for local service. *(See [City of Mexico* and *In re Romero, supra]* . . . .)

> Subsection (a) of section 1696 . . . permits desirable cooperation with foreign countries in the making of service within the United States. First, it makes clear that the inherent authority of U.S. courts to grant international judicial assistance includes the power to comply with requests for the making of service contained in a letter rogatory issued abroad. [Citation.] Second, it specifically provides that judicial assistance under this subsection shall not, as a matter of Federal law, add any weight to the claim that the judgment, decree, or order rendered abroad is entitled to recognition in the United States. H.R.Rep.No.1052, 88th Cong., 1st Sess. 6–7 (1963).

■ Service of the notice on Emett was proper.

Emett's appeal from the order directing him to answer questions put to him is dismissed. The denial of Emett's motion for a protective order and motion to quash service of the "Notice to Party to Appear at Final Hearing" is affirmed.