## Case No. 8,536.

### The LOUISIANA.

### [1 Ben. 328.] [1]

### District Court, S. D. New York. Aug. 1867.

PRACTICE IN ADMIRALTY — ISSUING COMMISSION—
ORAL EXAMINATION.

1. Where witnesses on the part of a vessel libelled for collision were brought to New York, and their depositions might have been taken before their departure, but were not, and the claimants afterwards, learning that they would not return to New York, applied for a commission to England to examine them, but failed to comply with rules 105, 106, and 107 of this court in making the motion, and the libellants were willing to waive the objection of irregularity in the motion, on condition that they might be allowed, in addition to putting written cross interrogations, to cross-examine the witnesses orally: *Held*, that the oral examination of witnesses on a commission is eminently conducive to a true understanding of the facts of a case, especially a collision case.

2. To order such an examination is not a new practice, and is within the power of the court.

3. This was a proper case for making an order for such oral examination.

In admiralty.

BLATCHFORD, District Judge. This is a motion for a commission to examine at Liverpool, England, on written interrogatories and cross interrogatories to be annexed to the commission, such witnesses for the claimants as may be brought before the commissioner. The libel is filed to recover damages for a collision between the Prussian bark Louisa and the British steamship Louisiana, at sea. The moving affidavit does not disclose the name of any witness proposed to be examined, further than to say that the claimants desire to examine "Richard Mills and others, late composing part of the crew of the steamship Louisiana," nor does it state any fact expected to be proved by any of the witnesses. Besides, the affidavit for the motion is not made by any of the claimants or by their proctor, but is made by the advocate for the claimants, and no excuse is given for this. In these particulars, rules 106 and 107 of this court are violated. So, also, rule 105 is violated by the delay in making this motion. The libel was filed April 27th, 1867, and the answer June 4th, 1867. The affidavit for this motion was not made until August 2d, 1867, and no excuse is shown for a non-compliance with rule 105 as to the time of making this motion. It must be understood hereafter, that the rules prescribed by the court for the conduct of its practice, must be strictly observed, or a satisfactory excuse be furnished for not observing them. In this case, the marked violation of rules 106 and 107 would be a sufficient ground for denying the present motion, were it not that the libellants express a willingness to waive the benefit of those rules, on condition that the granting of the commission be accompanied with certain restrictions. Mills was the second officer of the Louisiana, and he and the others whose testimony is sought, were brought to the port of New York in the Louisiana immediately after the collision. Their depositions might have been taken here de bene esse. The only excuse offered for not doing this is, that the proctor and the advocate for the claimants advised them that it was better to postpone the examination of those witnesses until after the witnesses for the libellants should be examined, and that they must be sent back to New York. The claimants did, in fact, take at New York, de bene esse, the depositions of four of the officers of the Louisiana who were on board of her at the time of the collision. It is now announced that the witnesses in question will not return to New York before the trial of the case. Under these circumstances, the libellants express a willingness to waive their objections to the granting of the motion, provided they be allowed, in addition to putting written cross interrogatories to the witnesses, to cross-examine them orally under the commission. Such a practice is one eminently conducive to a true understanding of the facts of a case, particularly a collision case, where the witnesses on board of the two colliding vessels scarcely ever agree as to the circumstances attending the collision. It is a practice which is not new (Clayton v. Yarrington, 16 Abb. Pr. 273, note); and, being one calculated to promote the dispensation of justice, it ought to be observed in a proper case. This court has full control over the mode of procedure to be observed in executing commissions for the taking of testimony. Ben. Adm. § 531; Betts, Adm. p. 86 et seq. In the present case, the neglect of the claimants to examine the witnesses orally in New York, when they had an opportunity of doing so, in which event the libellants would have enjoyed the privilege of orally cross-examining such witnesses, ought not to be allowed to work a possible benefit to the claimants or a possible injury to the libellants. Let an order be entered for the issuing of a commission for the examination, before the United States consul at Liverpool, of such witnesses on the part of the claimants as shall be named in the commission, on written interrogatories and cross interrogatories to be annexed to the commission, the libellants to be at liberty, in addition, to cross-examine such witnesses orally by counsel before the commissioner, the commission to contain a direction to the commissioner to take and reduce to writing such oral cross-examination, and to certify and return it with the commission.

[At the subsequent trial of the case, it was decided that both vessels were in fault. Case No. 8,537.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]