## THE SUN.

(District Court, E. D. Pennsylvania. April 19, 1921.)

No. 63.

1. **Admiralty ⊕76—Libelant, foreign government, held not entitled to open commission on grounds of impossibility of framing interrogatories because witnesses were abroad.**

On a libel to recover from a steamship damages to a shipment of eggs, where the issues were not complicated nor unusual, and the libelant was a foreign state, a mere showing that the libelant's proctors here were not able to frame interrogatories, because the documentary evidence and the witnesses were abroad, is not sufficient to put on respondent the burden of taking testimony on open commission, since the libelant can undoubtedly ascertain the facts necessary to enable the proctors to frame the interrogatories.

2. **Admiralty ⊕76—Common usage adopted in admiralty requires commission on interrogatories.**

The taking of depositions upon interrogatories is in accordance with the common usage adopted for such depositions in United States courts by Rev. St. § 866 (Comp. St. § 1477), as established by admiralty rules of the District Court 31–40, and with new admiralty rule 46, promulgated by the Supreme Court (267 Fed. xvii), which provide for the taking of testimony orally in open court, except as otherwise provided by statute and agreement of the parties.

In Admiralty. Libel in rem by the Swiss Confederation against the steamship Sun. On motion of the libelant for dedimus potestatem to take testimony of witnesses abroad upon an open commission. Motion denied, without prejudice to libelant's right to take out a commission upon interrogatories.

Henry Escher, Jr., and P. Randolph Harris, both of New York City, and Joseph W. Henderson, of Philadelphia, Pa., for plaintiff.

Lewis, Adler & Laws, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. This is an action in rem brought by the Swiss Confederation against the steamship Sun to recover damages for loss upon 12,000 cases of eggs shipped by the steamship Sun from New York to Genoa, Italy, alleged to be due to negligence in the manner of loading, stowing, and taking care of the merchandise and to the unseaworthiness of the steamship. The Sun Company is the owner and claimant.

In order for the purposes of the motion to prove the facts in connection with the shipment, the condition of the eggs at that time, at the time of the arrival at Genoa, the alleged unseaworthiness of the vessel, and the loss to the libelant, affidavits of the Swiss Minister to the United States and one of the proctors for the Swiss Confederation have been filed, setting forth reasons why it is necessary to take the testimony of certain witnesses abroad upon an open commission. They set forth the impossibility of procuring the presence of the witnesses at the trial in this court, and that reason is convincing of the necessity of taking the testimony of the witnesses abroad. The necessity for

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

taking the testimony upon an open commission, however, is not apparent.

[1] The fact that the proctors here are not able to frame interrogatories, because the documentary evidence and the witnesses are abroad, is not a satisfactory reason for putting an additional burden upon the respondent. The libelant is a sovereign state, and it is undoubtedly within its power to ascertain for its proctors here facts upon which its case is based and upon which its interrogatories can be framed.

[2] The issues in the case are not complicated nor unusual in their nature. I am of the opinion, therefore, that an ordinary commission with interrogatories will be entirely adequate and will protect the rights of both parties. This is in accordance with "common usage" under section 866 of the Revised Statutes (Comp. St. § 1477), as established by rules 31 to 40 of the Admiralty Rules of this court, adopted April 1, 1901, and is in accordance with rule 46 of the new Admiralty Rules promulgated by the Supreme Court, to take effect March 7, 1921 (267 Fed. xvii), which provide for the taking of testimony orally in open court, except as otherwise provided by statute or agreement of parties.

The motion is therefore denied, without prejudice to libelant's right to take out a commission upon interrogatories in accordance with "common usage" as established by the rules of this court.