## In re COMPANHIA DE NAVEGACAO LLOYD BRASILEIRO.

## THE PELOTAS.

(District Court, E. D. Louisiana, New Orleans Division. May 22, 1925.)

### No. 17429.

**1. Admiralty ☞76 — Dedimus potestatem granted, notwithstanding wrong title in caption of motion.**

That motion for dedimus potestatem to take testimony in a foreign country bears in its caption the wrong title, namely that of movants' suit against a ship, instead of that of the proceeding of her owner for exoneration from or limitation of liability, is not ground for refusing it; it bearing the proper docket number, and the error being clerical, immaterial, and correctable.

**2. Admiralty ☞76 — Under rule of court, cross-examination by written interrogatories required under dedimus potestatem.**

Dedimus potestatem to take testimony in a foreign country, authorized by Rev. St. § 866 (Comp. St. § 1477), and which rule 61 of this court (Eastern District of Louisiana) provides shall be executed by written interrogatories and cross-interrogatories, will not be denied to claimants in proceeding for limitation of liability, nor will petitioner for the limitation be allowed, contrary to such rule, to cross-examine orally, because of the difficulty of eliciting the exact facts by written cross-interrogatories, and it is immaterial that letters rogatory have been authorized to be issued, on application of petitioner, to take the testimony of its witnesses in another country by oral interrogatories.

**3. International law ☞10 — Corporate ship-owner, owned by foreign government, required to comply with federal statutes and court rules as to dedimus potestatem.**

That petitioner for limitation of liabilities is a corporation owned by the government of Brazil, and its officers are officers of that government, does not entitle it to disregard the statutes of the United States and rule of court as to taking deposition by dedimus potestatem.

**4. Admiralty ☞76 — Time under court rule for cross-interrogatories under dedimus potestatem extended, but only 5 days.**

Petitioner in limitation proceeding granted 5 days, but under the circumstances of the case no more, in addition to the 5 days allowed by rule 61 of this court (Eastern District of Louisiana) for filing cross-interrogatories under dedimus potestatem.

In Admiralty. In the matter of the petition of Companhia De Navegacao Lloyd Brasileiro, owner of the steamship Pelotas, for exoneration from or limitation of liability. On rule to show cause why a commission dedimus potestatem should not issue. Commission issued.

See, also, 7 F.(2d) 238.

Henry P. Dart, Jr. (of Dart & Dart), of New Orleans, La., and Henry N. Longley, of New York City, for the motion.

John D. & M. A. Grace, of New Orleans, opposed.

BEATTIE, District Judge. The numerous claimants have joined in a motion for a dedimus potestatem to take the testimony of eight witnesses in Vera Cruz, Mexico, by written interrogatories attached to the motion and such cross-interrogatories as may be propounded by the other parties to this cause.

The Companhia de Navegacao Lloyd Brasileiro, petitioner, has filed exceptions and objections to the granting of the above-mentioned motion of the claimants, and prays for the denial of claimants' motion, and, in the alternative, prays for leave to be represented at the examination of the witnesses by counsel, who shall be permitted to conduct such oral cross-examination as shall appear to him fit and proper. Petitioner further prays for a delay of 45 days to examine the interrogatories proposed by the claimants to be propounded to said witnesses.

[1] The first exception of the petitioner is that claimants' motion for the dedimus potestatem bears in its caption the wrong title of the suit. By error, the motion does bear the title of the original suit of the claimants against the steamship Pelotas, with which this suit is concerned, but the motion bears the proper docket number of this court, and the error in the title is a mere clerical error, which may be corrected. This error is immaterial, and the clerk of this court is hereby authorized to change the title of the motion to conform to the facts.

[2] The other objections of the petitioner to the allowance of claimants' motion for a dedimus potestatem consist substantially of the objection that, owing to the amount involved and the technical questions presented, it would be difficult, if not impossible, to properly examine the witnesses and elicit from them the full facts, and to test their credibility, by written interrogatories.

The question before me for decision in this case is therefore whether the petitioner is entitled to cross-examine orally witnesses of the claimants, for the examination of whom claimants have asked for a dedimus potestatem under U. S. R. S. 866 (Comp. St. § 1477), and rule 61 of this court.

I do not think that the fact that this court, through Judges Dawkins and Foster, have in this case heretofore authorized letters roga-

tory to be issued on the application of the petitioner to take the testimony of its own witnesses in Brazil by oral interrogatories, has any bearing on the question now before the court. That was a case where the petitioner was asking for a particular method of examining its own witnesses, alleging, as a reason therefor, among other things, that the witnesses were hostile, and suggesting that because of this they might not be willing to testify under a dedimus potestatem, and that letters rogatory were necessary in order to invoke the power of the court in Brazil to enforce the attendance of the witnesses. I do not understand that under letters rogatory the examination of the witnesses is necessarily oral. It is claimed it may be oral or by interrogatories. As to whether witnesses may be examined orally under letters rogatory, it is not necessary for me to decide, for in this case the claimants have asked for an examination of their own witnesses under a dedimus potestatem. The question, therefore, before me, is whether, when the claimants have asked for a dedimus potestatem to be executed under written interrogatories, the petitioner has a right to demand the right to cross-examine the same witnesses orally, instead of by written cross-interrogatories. Ordinarily, it certainly would be the rule that the party, desiring to examine witnesses abroad, should have the right to select his own method under the statutes and the rules of court, and it would be unusual, to say the least, even if there were no rule to the contrary, to allow the adverse party to select another method of cross-examining these same witnesses.

Assuming the correctness of the decision in the case of The Titanic, 206 F. 500, that in New York, under the rule of the District Court there, a dedimus potestatem can be executed by the oral examination of witnesses if the facts justify same, this would not be authority for examining the witnesses orally under a dedimus potestatem issued by this court, when the rules of this court differ from the rules of that court, and require a dedimus potestatem to be executed by written interrogatories. Without a change in or violation of the rule of this court, a dedimus potestatem cannot be executed except by written interrogatories and cross-interrogatories. The case of The Titanic is authority for the ruling that the rules of the court issuing the commission control. It was because, in the case of The Titanic, the rules in the New York court specifically provided for the execution of commissions in accordance with the law of

the state of New York, and because, under the law of the state of New York, a commission might be executed on oral interrogatories, that the court in that case decided that the dedimus potestatem could be executed by oral interrogatories.

On page 503 of the Titanic Case the court said: "In this respect I do not think that Judge Brown's language is to be taken as meaning that under the powers reserved by sections 913 and 918, together with the forty-sixth Supreme Court admiralty rule, this court has no power to change the method of executing commissions. It is a detail of practice which would normally be within the competence of rules of court."

Again, on the same page, the court said: "The phrase 'common usage'" (used in U. S. R. S. 866, relative to dedimus potestatem) "seems to me to admit of changing practice as the new needs of the time require, and I can see no better method of establishing a new common usage than by rules of court."

If this be good law, then this court must be controlled by its rule 61, which provides that "evidence taken under dedimus potestatem * * * shall be by written interrogatories propounded to the witnesses, filed in the clerk's office, and * * * he [the opposite party] is required to file cross-interrogatories, if any he has, within five days from a date to be specified in such notice."

The only way in which the court could, in the case at bar, authorize a cross-examination by oral interrogatories, is by holding either that the claimants have no right to a dedimus potestatem, and must, at the behest of the petitioner, select another method of examining their own witnesses, or by holding that it will violate its own rule (No. 61) requiring a dedimus potestatem to be executed by written interrogatories and cross-interrogatories.

This court should be governed by, and should not violate one of, its own rules. The statutes authorize the issuance of a dedimus potestatem. The claimants have selected this method of examining their own witnesses. Unless this court has the power, and should exercise the power of selecting for the claimants the method by which they should examine their own witnesses, and of therefore saying that they should not do so under a dedimus potestatem, the claimants have a right to adopt this method, and this method, under the rules of court, authorizes only written interrogatories and cross-interrogatories.

In petitioner's original brief (page 55), filed last year before Judge Dawkins in con-

nection with its application for letters rogatory, to examine its own witnesses, the following appears: "The one great advantage of letters rogatory is the fact that both parties have the machinery of courts of justice to compel the attendance of witnesses and require them to testify; which is a most important factor when we stop to consider that, in examining some of these shippers, the fact may develop that they are the real owners, and therefore have the highest degree of interest opposed to the steamship Pelotas and her owners."

In the decision of the question presently before the court for decision, "the one great advantage of letters rogatory" may be disregarded, since the claimants do not ask for letters rogatory to examine their own witnesses, and appear to be satisfied that they can secure the attendance of the witnesses before the proper officer for the purpose of giving their testimony. At any rate, the claimants are willing to take this chance, and the petitioner has no interest in forcing them to use letters rogatory to enforce the presence of their own witnesses.

Even in the case of The Titanic, cited by petitioner, the court did not deem it necessary or advisable to direct the oral examination of all the witnesses, but directed this oral examination only of the apparently hostile witnesses, and directed testimony of the other witnesses to be taken by written interrogatories.

Under this authority, therefore, there is no necessity for oral cross-examination of the witnesses to be examined in Vera Cruz by claimants, any more than there would be for the oral cross-examination of every witness examined by an adverse party, and who, to this extent, may be considered hostile.

In De Villeneuve v. Morning Journal Ass'n (D. C.) 206 F. 70, also cited by the petitioner, the court said: "Letters rogatory have very rarely issued in this circuit. * * * This case is one in which a number of the witnesses are likely to be unwilling, so that the examination should be oral, though that is a most unusual method, and not upon written interrogatories."

This ruling and that in the case of The Titanic, authorizing the oral examination only of the hostile witnesses, shows that the oral examination, said to be most unusual, is used only for the examination of unwilling witnesses. And this in a court, the rules of which, as held in the case of The Titanic, authorize oral examination, whereas in this district, under a dedimus potestatem, oral examination is specifically forbidden by the

requirement to file written interrogatories under rule 61.

This court is not unaware of the great difficulty of eliciting from the witnesses all that is desired by written interrogatories; yet this is one of the methods, provided by law and the rules of this court, which the claimants, in examining their own witnesses, had a right to select.

Until the lawmakers, by statute, and this court, by rule, forbid the use of a dedimus potestatem to be executed by written interrogatories only, litigants have a right to the selection of this method of examining their own witnesses, notwithstanding the great difficulty of eliciting from witnesses, by written cross-interrogatories, the exact facts, which difficulty Congress, in enacting the statute, and this court, in adopting the rule 61, must be presumed to have had in mind. The petitioner bases its principal objection to the dedimus potestatem asked for, to be executed on written interrogatories, on the great difficulty of eliciting the exact facts by written cross-interrogatories. This is an argument to be addressed to the lawmakers and to the court in connection with the latter's adoption of a new rule abrogating rule 61, for, as long as the present statute and rule are in force, litigants have a right to avail themselves of same.

Without at this time questioning the many authorities cited by the petitioner to the effect that this court has control over its own methods of taking testimony, it is necessary only to say that this court has, by rule 61, already exercised this control, and specifically prescribed the methods of executing a dedimus potestatem, to which the statute gives all litigants a right.

The decision in the case of The Louisiana, 15 Fed. Cas. 961, was rendered by a court not bound by any of its own rules then in force, requiring that a dedimus potestatem be executed only by written interrogatories. This case is therefore no authority on the point at present at issue in this court, specifically controlled by its own rule 61. Moreover, the case of The Louisiana was an exceptional case, wherein the judge said: "In this case, the marked violation of rules 106 and 107 would be a sufficient ground for denying the present motion, were it not that the libelants express a willingness to waive the benefit of those rules, on condition that the granting of the commission be accompanied with certain restrictions."

In that case the judge also stated that the claimants who were there asking for the commission had been guilty of neglect in

failing to examine the witnesses orally in New York when they were there, in which event the libelant would have enjoyed the privilege of oral cross-examination, and that this fault of the claimants should not be allowed to work a possible benefit to them, or a possible injury to the libelants. It was under these exceptional circumstances that the order for oral cross-examination was therein allowed, and it was particularly in the absence of such a rule as exists in this district forbidding same.

The case of The Sun (D. C.) 271 F. 953, like the case of The Titanic, supra, justifies the establishment by rule of court of the "common usage" referred to in U. S. R. S. § 866 (Comp. St. § 1477). Because of this establishment, by rule of court, of the "common usage" referred to in section 866, the court in this case denied, even to the applicant for a dedimus potestatem, the right to examine its own witnesses by oral interrogatories.

While the rule of this court, requiring a dedimus potestatem to be executed only by written interrogatories, may be changed, yet it should not be violated, or changed for the benefit of any particular case, and the presumption is it should not be changed at all, since it was made by judges of wisdom, guided by their years of experience.

Until Congress and/or this court change the statute and the rule, litigants must have the right to exercise their legal rights fixed by statute and by rule of examining their own witnesses by the character of commission that they may select—provided it be authorized by law and rule of court—and, if a rule of court, as in this district, specifically provides that under the character of commission selected, the examination shall be by written interrogatories, so must it be, notwithstanding the imperfections and insufficiencies of the system, for the purpose of eliciting the exact facts to the same extent that an oral examination would do.

[3] The fact that the petitioner in this case is a corporation owned by the government of Brazil, and its officers are officers of that government, does not entitle it to disregard our statutes and rules of court, any more than any other litigant. All litigants should stand in the same equal position.

For these reasons, the objections and exceptions to the claimants' application for a dedimus potestatem, to be executed on written interrogatories and cross-interrogatories, must be overruled, and a dedimus potestatem will issue as prayed for.

[4] The petitioner has asked in the alternative for a delay of 45 days to examine and study the numerous interrogatories. This delay would be unreasonably long, even if same were to run from the date of the filing of the motion by claimants for the dedimus potestatem, but in the present status of this case, wherein, by reason of the objections made by the petitioner, and of the delay in the submission of same, and particularly the delay of this court in rendering this opinion, the delay would be entirely unwarranted, because, during the more than 2 months since the interrogatories were filed, the petitioner must have had ample occasion and opportunity, as shown by its briefs discussing the interrogatories, to study same and be prepared to file its cross-interrogatories.

The rule of court allows only 5 days within which to file cross-interrogatories. This may be too short a time, but I think ten days should be ample, in view of the circumstances and the delays that have already occurred, and the prejudice that may result to the claimants from additional delay.

The petitioner will therefore have 10 days within which to file its cross-interrogatories in accordance with rule 61.