SPALDING (LEGIONARY PAYMASTER v.). See Case No. 8,212.

SPALDING (LEWIS v.). See Case No. 8,334.

SPALDING (MEWSTER v.). See Case No. 9,513.

SPALDING (UNITED STATES v.). See Cases Nos. 16,364 and 16,365.

---

## Case No. 13,202.
### SPANISH CONSUL'S PETITION.
[1 Ben. 225.] [1]

District Court, S. D. New York. June, 1867.

WITNESS— FOREIGN COMMISSION—POWER OF THE COURT TO SUMMON.

1. Where a commission was issued by a judge in Cuba to the Spanish consul in New York to take testimony to be used in a criminal prosecution for swindling, and the consul thereupon applied to the district court for a summons to compel the witness to appear and testify: *Held*, that the only provisions made by congress on the subject of enforcing the giving of testimony in judicial proceedings pending in a foreign country, are found in the acts of March 2, 1855 (10 Stat. 630), and of March 3, 1863 (12 Stat. 769).

2. Neither of those acts applied to this case, and the court had no power to issue the summons asked for.

Coudert Bros., for petitioner.

BLATCHFORD, District Judge. The petitioner, who is the consul of her majesty the Queen of Spain at the port of New York, represents that he has received from the judge of the Southern district of Santiago, in the island of Cuba, a commission, empowering him to take the testimony of certain witnesses named therein, to be used in a criminal prosecution for swindling, a trans-

lation of which commission he produces, and he prays that a summons may be issued by me requiring the witnesses to attend and testify. I have no power to issue the summons asked for. The only provisions made by congress, on the subject of enforcing the giving of testimony in judicial proceedings pending in a foreign country, are those found in the act of March 2, 1855 (10 Stat. 630, § 2), and in the act of March 3, 1863 (12 Stat. 769). The former provides that "where letters rogatory shall have been addressed from any court of a foreign country to any circuit court of the United States, and a United States commissioner designated by said circuit court to make the examination of witnesses in said letters mentioned, said commissioner shall be empowered to compel the witnesses to appear and depose in the same manner as to appear and testify in court." The latter act is confined to the taking of testimony to be used in a suit for the recovery of money or property depending in a court of a country with which the United States are at peace, and in which the government of such foreign country is a party or has an interest. The prayer of the petition is denied.