*In re* LETTERS ROGATORY FROM FIRST DISTRICT JUDGE OF VERA CRUZ.

*(Circuit Court, S. D. New York.    August 1, 1888.)*

DEPOSITION—LETTERS ROGATORY—REV. ST. U. S. § 4071.
    Letters rogatory from the first district judge of Vera Cruz, Mexico, stating that for the purpose of clearing up the details of a certain importation, he has made a decree directing the issue of letters rogatory, which decree purports to have been made in proceedings relating to an investigation as to the smuggling of certain cotton, do not show that the "proceedings" amount to a "suit for the recovery of money or property" within the meaning of Rev. St. U. S. § 4071, providing that the testimony of any witness residing in the United States may be obtained by commission or letters rogatory, to be used in a suit for the recovery of money or property depending in any court in a foreign country when the government of that country is a party, or interested in the suit, and do not warrant an order directing the attendance of a witness to answer the interrogatories.

On Motion to Set Aside an Order directing the attendance of a witness.
*Olcott, Mestre & Gonzalez,* for Mexican Government.
*Louis Sanders,* for witness.

LACOMBE, J.    The order heretofore made for the attendance of the witness was based on letters rogatory from the first district judge of Vera Cruz, stating that, "for the purpose of clearing up the details of" a certain importation, he has made a decree directing the issue of letters rogatory to the federal judge at the city of New York.    This decree purports to have been made "in the proceedings relating to the investigation that [he is] making as to the smuggling of some cases of cotton."    A motion is now made to set aside the order.    The only authority for directing the attendance of the witness to which attention has been called is found in section 4071 of the Revised Statutes of the United States.    It is therein provided that the testimony of any witness residing in the United States may be obtained by commission or letters rogatory, to be used (*a*) in a suit for the recovery of money or property; (*b*) depending in any court in a foreign country, with which the United States are at peace; (*c*) where the government of that country is a party to such suit, or interested therein.    It does not appear, either by the letters, the petition of the Mexican consul general, or even the cablegram read upon the argument, that the "proceedings relating to the investigation as to the smuggling" above described in fact amount to "a suit for the recovery of money or property."    The order must therefore be set aside.    Section 875 of the Revised Statutes does not help the petitioner; it only provides for the procedure when letters rogatory are addressed and commissioner appointed; it does not extend the cases in which examination of witnesses will be ordered.