## GROSS v. PALMER et al.

(Circuit Court, N. D. Illinois, N. D. November 8, 1900.)

### No. 25,050.

DEPOSITIONS—LETTERS ROGATORY.

> Letters rogatory may be issued from a circuit court, where testimony cannot otherwise be obtained in foreign jurisdictions, but it must be shown with certainty that a commission is not adequate, preferably by the issuance of such commission and its return, showing the impossibility, after proper efforts, of obtaining the desired testimony thereunder.

Application by Complainant for Issuance of Letters Rogatory.

F. F. Reed, for complainant.

Wilson, Moore & McIlvaine, for defendant.

105 F.—53

KOHLSAAT, District Judge.   In this matter I am of the opinion that the authorities sustain complainant's contention that letters rogatory should issue where the desired testimony cannot otherwise be obtained.   A commission is, as a rule, the more expeditious, comprehensive, and satisfactory means of procuring evidence outside the jurisdiction of the court, and this means of taking such testimony is favored by the courts where it is adequate.   Complainant seeks to establish the fact that this means is not adequate in this instance by his affidavit made upon information and belief only.   This showing I do not deem sufficient.   I am of the opinion that the impossibility of obtaining the testimony sought by ordinary procedure under a commission should be established with certainty; the most satisfactory method being the issuance of such commission, and its return showing the impossibility, after proper efforts made, of obtaining the desired testimony thereunder.   There seems to be no direct authority for defendant's contention that oral examination may be had under letters rogatory.   In this case the application now made for the issuance of letters rogatory will be denied, with leave to renew should a commission fail to afford complainant adequate relief.