### DE VILLENEUVE v. MORNING JOURNAL ASS'N.

(District Court, S. D. New York. May 5, 1913.)

DEPOSITIONS (§ 25*)—LETTERS ROGATORY—FEDERAL COURTS.

A federal court has power to issue letters rogatory to obtain the testimony of witnesses in foreign jurisdictions, which refuse to compel the attendance of witnesses under commissions; and where it is shown that the witnesses are unwilling, the examination may be oral.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 36; Dec. Dig. § 25.*]

At Law. Action by Raimond De Villeneuve against the Morning Journal Association. On motion for letters rogatory. Motion granted.

Chas. S. Aronstam, of New York City, for plaintiff.
C. J. Shearn, of New York City, for defendant.

WARD, Circuit Judge. Letters rogatory have very rarely issued in this circuit. The statutes of the United States confer no general power upon the courts to issue them. Section 875, Rev. Stat. U. S. (U. S. Comp. St. 1901, p. 667), does treat of letters issued in cases in which the United States is a party or has an interest, and this has been thought evidence of an intention upon the part of Congress to restrict the inherent power of the court. However, as we execute letters rogatory coming from foreign countries, and as this method of getting testimony is most necessary in countries which refuse to compel the attendance of witnesses under commissions, I think we ought not to suppose that

Congress intended to limit the power of the court. The subject has been considered in various aspects in Spanish Consul's Petition, 1 Ben. 225, Fed. Cas. No. 13,202; In re Pacific Railway Commission (C. C.) 32 Fed. 241, 256; Re Letters Rogatory (C. C.) 36 Fed. 306; Gross v. Palmer (C. C.) 105 Fed. 833; Benedict's Admiralty, § 456. This case is one in which a number of the witnesses are likely to be unwilling, so that the examination should be oral, though that is a most unusual method, and not upon written interrogatories.

Motion granted.