**In re LETTERS ROGATORY OF REPUB-
LIC OF COLOMBIA.**

**In re ABRODES et al.**

District Court, S. D. New York.
Aug. 25, 1933.

Guerra Everett & Thurston, of New York City (Phillip Thurston, of New York City,

of counsel), for Colombian Consulate in support of application.

WOOLSEY, District Judge.

I am without authority on the papers before me to sign the proposed order and, consequently, the petition is denied without prejudice to its renewal provided the petitioner can hereafter comply with the requirements hereinafter set forth.

I. Title 28, United States Code, § 701 (28 USCA § 701), reads as follows: "The testimony of any witness residing within the United States, to be used in any suit for the recovery of money or property depending in any court in any foreign country with which the United States are at peace, and in which the government of such foreign country shall be a party or shall have an interest, may be obtained, to be used in such suit. ⁕ ⁕ ⁕ "

This is my sole authority for entertaining this petition.

II. To found any jurisdiction for action by this court in such circumstances as these it is necessary that the following facts affirmatively appear:

1. That there be a suit pending in a foreign court out of which the letters rogatory issue,

2. That the government of the country of that court be a party to said suit or interested therein, and

3. That the suit be for the recovery of money or property.

III. Under letters rogatory here submitted, apparently the government of the Colombian Republic is interested in some investigation of breach of its custom laws, but it is not shown that an actual suit is pending between the government of the Colombian Republic and the persons named as the objective to the so-called summary proceeding to recover money or property.

IV. The statute refers to the taking of testimony in a suit for the recovery of money or property depending in a court of a foreign country.

In the United States the word "suit" means a civil proceeding, and hence my power does not extend to the regularization of letters rogatory for evidence to be used in a criminal prosecution or an investigation preliminary thereto. Matter of Spanish Consul, 1 Ben. 225, Fed. Cas. No. 13,202.

I am not authorized to grant an order to regularize letters rogatory in the case of an

investigation to discover whether a breach of the custom laws of a foreign country has been committed, for, though the foreign government is interested, that is not a suit. In re Letters Rogatory from First District Judge of Vera Cruz (C. C.) 36 F. 306.

V. Whilst it appears from the letters rogatory submitted herein that the Colombian government is interested in some kind of a summary proceeding in the Customs Court of Bogota, it does not appear that there is a suit pending in the Customs Court of Bogota, or that, if there is a suit pending in that court, it is a suit for the recovery of money or property.

The petition must, therefore, fail by reason of the inherent ambiguity of the letters rogatory in the respects mentioned.

VI. This decision is without prejudice to the submission of a further petition when the letters rogatory are so corrected, if that be possible, as to bring the situation clearly within the provisions of the statute of the United States above set forth as construed herein.