**BELDING–CORTICELLI LIMITED et al. v. KAUFMAN.**

No. M–592.

District Court, E. D. Pennsylvania.

May 9, 1935.

Henry N. Paul, of Philadelphia, Pa., for plaintiff.

Wesley H. Caldwell, of Philadelphia, Pa., for witnesses.

DICKINSON, District Judge.

■ Ignoring the distinction among letters rogatory, commissions dedimus potestatem, and other methods of taking testimony by deposition in advance of a trial in open court, we start with the admitted proposition that a court may, in the absence of legislative enactment, enforce the taking of such testimony. When the deposition is taken within the territorial juris-

diction of the court, it may and usually is taken under a mere rule, and the attendance of the witness is compelled by the issuance of the ordinary subpœna process from the court. When, however, the witness is beyond the territorial jurisdiction of the court in which the cause is pending, it may authorize the taking of a deposition and make it evidentiary, but it has no power to compel the attendance of the witness. Something more is needed. Under a law which is recognized, known as the rule of comity, a court which has jurisdiction of the person of the witness whose testimony is taken will, at the instance of the court in which the cause is pending, lend its power to compel the attendance of the witness by issuing its subpœna process. This the one served must obey as he must obey any process issued by a court which has jurisdiction of his person. What in practical effect is done is that the foreign court functions outside of its own jurisdiction by borrowing the judicial robes of the court of the domicile of the witness. All which the latter court does, however, is to lend its process so as to compel the witness to attend and to testify. It has no concern with questions which may arise affecting the competency of the witness to testify in the pending cause, the admissibility in evidence of his testimony, or kindred questions. The witness, however, is under the protection of the court and the laws under which he lives. The court is under the duty of protecting the witness in all his rights. This much is clear enough.

■ Another, admitted proposition is that although the court has the above-outlined powers in the absence of legislation, the Legislature may regulate the exercise of these powers and the powers are thereafter correspondingly curtailed.

■ This court by one of its members exercised the power of issuing its subpœna to one or more witnesses who are within its jurisdiction. They have been served. The subpœna contained the familiar duces tecum clause. The witnesses served have moved to quash the process on the ground that Congress has regulated the issuance of the process, to which regulations those at whose instance it issued have not conformed.

The industry of counsel has brought to light in addition to the general powers conferred upon the courts only two regulatory acts. These can be found in 28 USCA

§§ 653 and 701. Counsel supporting the motion to quash read section 701 as applying only to actions "for the recovery of money or property," neither of which they say the pending suit is. This restricts an inquiry to section 653. This is read to be a limitation on the power of the courts. We do not so read it, but read it as a statute regulating the issuance of the process in the particular type of cases mentioned, leaving the practice in other cases unaffected by that act. The final clause of the enactment makes this we think clear. Counsel have, however, referred us to two cases as supporting their construction of the act. In re Letters Rogatory from First District Judge of Vera Cruz (C. C.) 36 F. 306; In re Letters Rogatory of Republic of Colombia (D. C.) 4 F. Supp. 165.

We cannot find either of these cases to so rule. The second cites the first for the ruling made. A reading of these cases will disclose that they are put on the ground that the proceeding there could not be rested upon section 701 because the proceeding was not such as was contemplated by the act, and that section 653 gave no support because in the cases cited no action was pending and the courts of one jurisdiction lend their aid and process to the courts of another only as an assistance in the trial of a cause pending before the latter. Here there is a cause pending.

The motions to quash are denied.