**In re LETTERS ROGATORY FROM EX-AMINING MAGISTRATE OF TRIBUNAL OF VERSAILLES, FRANCE.**

District Court, D. Maryland.
March 23, 1939.

WILLIAM C. COLEMAN, District Judge.

This Court has received a request in the form of a judicial commission, issued on March 15th, 1938, and March 18th, 1939, by the Examining Magistrate of the Tribunal of Versailles, duly transmitted through the French Ambassador at Washington, for the issuance by this Court of a commission or letters rogatory to take the testimony, in the form of answers to specific interrogatories, of one Michael Stein, alleged to be now residing in Baltimore. This testimony, as stated in the commission of the French court, is desired for use in a proceeding now pending in that court against one Eugene Weidmann and others, "accused of voluntary homicide, complicity, theft, complicity, receiving stolen goods." The letter of transmittal of the French Ambassador recites that Weidmann is a German citizen, and that he is "now accused of having murdered several persons among whom a citizen of the United States named Jean de Koven."

It thus appears that the aid of this Court is invoked by a foreign court to obtain evidence for use by that court in a criminal proceeding, and the question pre-

sented thereby is whether this Court has jurisdiction to lend its aid in this way.

■ I conclude that this Court is without such jurisdiction. The jurisdiction of the United States District Courts with respect to letters rogatory issued by a foreign court is statutory, and is restricted as set forth in Section 4071 of the Revised Statutes, 28 U.S.C.A. § 701, which is as follows: "The testimony of any witness residing within the United States, to be used in any suit for the recovery of money or property depending in any court in any foreign country with which the United States are at peace, and in which the government of such foreign country shall be a party or shall have an interest, may be obtained, to be used in such suit. If a commission or letters rogatory to take such testimony, together with specific written interrogatories, accompanying the same, and addressed to such witness, shall have been issued from the court in which such suit is pending, on producing the same before the district judge of any district where the witness resides or shall be found, and on due proof being made to such judge that the testimony of any witness is material to the party desiring the same, such judge shall issue a summons to such witness requiring him to appear before the officer or commissioner named in such commission or letters rogatory, to testify in such suit. And no witness shall be compelled to appear or to testify under this section except for the purpose of answering such interrogatories so issued and accompanying such commission or letters. When counsel for all the parties attend the examination, they may consent that questions in addition to those accompanying the commission or letters rogatory may be put to the witness, unless the commission or letters rogatory exclude such additional interrogatories. The summons shall specify the time and place at which the witness is required to attend, which place shall be within one hundred miles of the place where the witness resides or shall be served with such summons."

■ It will thus be seen that this court's jurisdiction is limited to situations where the testimony is to be used in civil, not criminal, cases in the foreign court; and indeed, to civil cases of a specially defined character, that is, to suits "for the recovery of money or property," in which the foreign government "shall be a party, or shall have an interest."

It is true, the order of the French court recites that the person in connection with whose trial the testimony proposed to be taken in Baltimore is desired, is accused, among other things, of theft and receiving stolen goods, from which it may reasonably be inferred that the recovery of such goods, if not already effected, is desired; but such obviously does not convert the proceeding into a civil one.

The conclusion here reached appears to be supported by previous decisions. We find no reported case to the contrary. See In re Spanish Consul's Petition, D.C.N.Y. 1867, Fed.Cas.No.13,202; In re Letters Rogatory from First District Judge of Vera Cruz, C.C.N.Y.1888, 36 F. 306; In re Letters Rogatory of Republic of Colombia D.C.S.D.N.Y.1933, 4 F.Supp. 165.

In the last, and the most recent of the above named cases, the Government of the Republic of Colombia was interested in an investigation of alleged breach of its custom laws, and letters rogatory issued out of the Customs Court of Bogota, Colombia, directed to the United States District Court for the Southern District of New York. In concluding that the District Court was without jurisdiction, District Judge Woolsey said in the course of his opinion, pages 165, 166:

"Under letters rogatory here submitted, apparently the government of the Colombian Republic is interested in some investigation of breach of its custom laws, but it is not shown that an actual suit is pending beween the government of the Colombian Republic and the persons named as the objective to the so-called summary proceeding to recover money or property.

"IV. The statute refers to the taking of testimony in a suit for the recovery of money or property depending in a court of a foreign country.

"In the United States the word 'suit' means a civil proceeding, and hence my power does not extend to the regularization of letters rogatory for evidence to be used in a criminal prosecution or an investigation preliminary thereto. Matter of Spanish Consul, 1 Ben. 225, Fed.Cas.No. 13,202.

"I am not authorized to grant an order to regularize letters rogatory in the case of an investigation to discover whether a breach of the custom laws of a foreign country has been committed, for, though the foreign government is interested, that

854

is not a suit. In re Letters Rogatory from First District Judge of Vera Cruz (C.C.) 36 F. 306.

"V. Whilst it appears from the letters rogatory submitted herein that the Colombian government is interested in some kind of a summary proceeding in the Customs Court of Bogota, it does not appear that there is a suit pending in the Customs Court of Bogota, or that, if there is a suit pending in that court, it is a suit for the recovery of money or property."

■ We are not unmindful of Section 875 of the Revised Statutes, 28 U.S.C.A. § 653, which provides for the issuance of letters rogatory to take the testimony of witnesses in foreign countries, in suits in which the United States is a party or has an interest, and which contains the following concluding sentence: "When letters rogatory are addressed from any court of a foreign country to any district court of the United States, a commissioner of such district court designated by said Court to make the examination of the witnesses mentioned in said letters, shall have power to compel the witnesses to appear and depose in the same manner as witnesses may be compelled to appear and testify in courts." But, as was said in the opinion in Re Letters Rogatory from First District Judge of Vera Cruz, supra, page 306, "Section 875 of the Revised Statutes * * * does not extend the cases in which the examination of witnesses will be ordered."

■ It becomes unnecessary to determine to what extent, if any, there may have been, in the District Courts, inherent power, by virtue of their general powers, to execute letters rogatory, prior to the adoption of Section 4071 of the Revised Statutes; or whether any such inherent power might now exist had this section not been enacted. Comity, of course, between friendly nations behooves the courts of one to assist the courts of another in the furtherance of justice. However, such rule of comity cannot be extended so as to become inconsistent with the jurisdiction of the particular court whose aid is sought. "The ability of District Courts to assist a court of a foreign country to secure the testimony of a witness residing, or found, in the district is circumscribed by constitutional and statutory authority. They are limited to the exact power conferred upon them. * * * We ought to do all within our power to help a foreign court to obtain the testimony of any witness within the jurisdiction of the court but we are confined to the power expressly or by reasonable implication, conferred upon the court. This duty the court will gladly perform, and comity can ask no more." Janssen v. Belding-Corticelli, 3 Cir., 84 F.2d 577, 579.

■ This Court is aware of no provision in any of the existing Treaties or Conventions between the United States and the Republic of France which purports to accord the right here denied under the statute. No question is here raised involving the extradition of persons charged with an offense specified in the Treaty of 1909, 37 Stat. 1526. See Valentine v. U. S. ex rel. Neidecker, 299 U.S. 5, 57 S. Ct. 100, 81 L.Ed. 5. Nor is the privilege now sought reciprocal to that accorded to the United States Government by the Act of July 3rd, 1926, 28 U.S.C.A. §§ 711–718, because that statute provides procedure for summoning American citizens who, while abroad, are wanted as witnesses in criminal actions, and for judgments of contempt against them if they fail to return to the United States. In other words, in the administration of these provisions no question of international law or comity is involved, but merely of the authority of the United States Government over its own citizens, even though abroad. See Blackmer v. United States, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375. The federal courts have no power to order the taking of testimony by deposition of absent witnesses in criminal cases anywhere,—either within or outside the United States. See Luxenberg v. U. S., 4 Cir., 45 F.2d 497. The person whose testimony is sought to be taken here is not claimed to be a citizen of France,—presumably, although it is not made clear from the papers before this Court, he is an American citizen; nor does the fact that, among the victims of the accused, in connection with whose trial this testimony is intended to be used, is a former citizen of the United States, override the prescribed limits of this Court's jurisdiction.

■ The requested order designating a commission to execute the letters rogatory cannot, therefore, be issued.

From the point of view of comity it may be said to be unfortunate that our courts are not authorized to aid foreign governments in obtaining testimony in the manner here requested, when such testi-

mony is admissible under their form of jurisprudence. However, this is clearly a matter for the Congress and not for the courts.