### THE EDMUND FANNING.
### Petition of ISBRANDTSEN CO., Inc.

United States District Court
S. D. New York.
March 13, 1950.

See also 88 F.Supp. 895.

Irving H. Saypol, U. S. Attorney, New York City, (Edward L. Smith, Benjamin H. Berman, Edward R. Downing, New York City, of counsel), for U. S. A.

Lord, Day & Lord, New York City, (Thomas F. Daly, Henry C. Blackiston, Jr., New York City, of counsel), for Isbrandtsen Company, Inc.

SUGARMAN, District Judge.

On March 13, 1947, the S. S. Edmund Fanning was destroyed by fire at Genoa, Italy. The United States of America, aside from owning the vessel, claims cargo damage in excess of $900,000 for ten locomotives and ten tenders owned by it and destroyed in the catastrophe. Isbrandtsen Company, Inc., was the bareboat charterer.

The United States now moves, by notice of motion, "for an order directing that a commission issue in these causes out of this Court to any Judge, Court or Tribunal designated to execute the within Letters Rogatory by the Ministry of Justice of the Government of the Republic of Italy, at Genoa, Italy, only one to act, to examine under oath on written interrogatories Enrico Santo Olcese and John Doe and Richard Roe whose true names are unknown to deponent, the persons intended, as witnesses on behalf of the United States of America, and directing that the trial of these causes be stayed pending the execution and return of said commissions * * *".

Isbrandtsen's objection to that part of the application seeking the examination of "John Doe and Richard Roe" is obviated by the disclosure in the government's brief that the persons meant by the fictitious appellation are "Giorgio Romano and Giambattista Volpara". The proposed witnesses are identified in the affidavits supporting the motion as (Olcese) stevedore Foreman at Genoa and (Doe and Roe—now Romano and Volpara) persons having duties pertaining to the cargo operations aboard the ship at Genoa on March 12th and 13th, 1947.

Isbrandtsen urges that the movant be required to submit its proposed written interrogatories to Isbrandtsen whereupon the latter would then decide whether it elected to cross-examine the deponents orally or frame cross-interrogatories. The movant opposes such course and suggests that the parties proceed by way of the usual interrogatories and cross-interrogatories or, in the alternative, that both orally examine the witnesses.

The court assumes the notice of motion (despite the use of the terms "that a *commission* issue * * * and return of said *commissions*") to be one for *letters rogatory;* that the "commission" referred to is intended to mean that which would issue out of the foreign court (assuming the Italian court identified to be one of superior jurisdiction) in executing the *letters rogatory* by means of its examiner or commissioner. Benedict on Admiralty, 6th Edition, Volume 3, Section 500, Page 93. On the basis of such assumption and applying the reasoning of The Titanic, D.C.S.D. N.Y. 1913, 206 F. 500, it appears that the application must be denied.

Admiralty Rule 44, 28 U.S.C.A., reserves in this court the right, consistent with said rules, to regulate its practice in such cases as are not provided for by statute or said rules. As to the relief sought by this motion, the Admiralty rules are silent. Rule 8 of the General Rules of this District sets the mode for taking witnesses' depositions as that provided by the Federal Rules of Civil Procedure, 28 U.S.C.A.

Rule 28(b), Federal Rules of Civil Procedure prescribes the manner of taking depositions in foreign countries. Three methods are indicated: (a) on notice, (b) by commission, or (c) under letters rogatory. The rule then states that "A commission or letters rogatory shall be issued only when necessary or convenient * * *". This is merely a restatement of the interdiction of long standing that letters roga-

tory should not issue if the deposition may be had on notice or by commission. Nelson et al. v. United States, C.C.D.Pa.1816, 17 Fed.Cas.1340, No. 10,116; Gross v. Palmer et al. C.C.N.D.Ill.1900, 105 F. 833.

Accordingly, the application for the issuance of letters rogatory is denied, but without prejudice to the taking of the witnesses' depositions on notice. Should such method be inappropriate then, upon a proper showing of necessity and convenience, a motion for a commission or, if that be inadequate, for letters rogatory will be entertained. The proper procedure to be employed is set forth in detail in Moore's Fed. Prac., 1st Ed., Vol. 2 at page 2553, § 28.03.

The notice of motion further prayed "for an order consolidating the above cases for the purpose of trial". No objection having been interposed to this branch of the application, the same is granted.

Submit order consistent with the foregoing.