BRANYAN et al. v. KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N. V. ROYAL DUTCH AIRLINES HOLLAND.

BARROWS v. KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N. V. ROYAL DUTCH AIRLINES HOLLAND.

GRATKE v. KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N. V. ROYAL DUTCH AIRLINES HOLLAND.

WERKLEY v. KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N. V. ROYAL DUTCH AIRLINES HOLLAND.

United States District Court
S. D. New York.

Dec. 9, 1952.

See also 11 F.R.D. 400.

Theodore E. Wolcott, New York City, for Werkley et al.

Walsh & Levine, New York City, for Gratke, Branyan & Werkley.

McLaughlin, Russel, Bullock & Lark, New York City, for Barrows.

Condon & Forsyth, New York City, for defendant.

EDELSTEIN, District Judge.

Plaintiff has moved for "an order that a commission or appropriate letters of request or other authority * * * be directed to the United States Consuls General or United States Consular Agents at Bombay, New Delhi or other appropriate cities in India and/or to the appropriate courts in India or to such persons or officers as to this Court or to the Court in India may seem proper for oral examination and cross-examination under oath as witnesses" of several named and unnamed persons, and for the production of pertinent books, papers and records.

■ Rule 28(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., prescribes three methods for the taking of depositions in foreign countries: (a) on notice, (b) by commission, or (c) under letters rogatory. The extraordinarily broad language of the motion seems to ask for both a commission and letters rogatory, or for either one at the discretion of the court. There is no authority for the granting of such a shotgun motion. In view of the language of the supporting affidavit, to the effect that on information and belief it will "probably" be necessary that an application be made to the appropriate Indian Court to compel the attendance of witnesses and the production of documents, it might be understood that letters rogatory are sought. But it must clearly appear that letters rogatory are necessary or more convenient than the taking of depositions by the notice procedure or by commission, Rule 28(b); Moore's Federal Practice, 2d Ed., vol. 4, § 28.07; which is a restatement of the long established rule that letters rogatory should not issue if the deposition may be had on notice or by commission, The Edmund Fanning, D.C., 89 F.Supp. 282. An adequate showing of necessity has not been made. The information required is readily obtainable from the State Department and the proper procedure is described and discussed in Moore, op. cit. supra, §§ 28.05, 28.06, 28.07.

Accordingly, the motion is denied, but without prejudice to a proper renewal.