In re LETTER ROGATORY FROM the JUSTICE COURT, DISTRICT OF MONTREAL, CANADA.

No. 74-162.

United States District Court, E. D. Michigan, S. D.

Oct. 25, 1974.

Michael S. Friedman, Detroit, Mich., for movant.

John L. Newcomer, Special Atty., Detroit Strike Force U. S. Dept. of Justice, Detroit, Mich., for respondent.

## MEMORANDUM OPINION

JAMES HARVEY, District Judge.

This is a motion to quash a subpoena which was issued in a second attempt by a Canadian prosecutor to obtain records from the Detroit Bank and Trust Company relative to Mr. John Fecarotta, a defendant in a Canadian prosecution. The first attempt to obtain those records allegedly involved an informal liaison between the Canadian prosecutor's office and the Internal Revenue Service, which served a summons on the Detroit Bank and Trust pursuant to 26 U.S.C.A. Section 7602. Mr. Fecarotta filed for an injunction against the divulgence of that information, and a stipulation was entered into temporarily halting that line of discovery.

Apparently, having concluded that it was improper to try to use the IRS as a conduit for the information, the Canadian prosecution is now attempting to use the procedure known as letters rogatory to have a subpoena duces tecum from this court served on the Detroit Bank and Trust, again in order to obtain evidence for use in Mr. Fecarotta's Canadian trial. Pursuant to 28 U.S.C.A. Section 1782, a subpoena was signed by a United States District Judge in the Eastern District of Michigan on September 5, 1974, ex parte. Mr. Fecarotta received notice from the Detroit Bank and Trust Company of that subpoena on October 7, 1974, and immediately filed the present motion to quash, on the ground that 28

U.S.C.A. Section 1782 does not authorize the use of letters rogatory in criminal proceedings, or, in the alternative, on the ground that the Court in its discretion can and should refuse to grant the subpoena because the information may be used improperly in the Canadian trial.

Section 1782 of 28 U.S.C.A. provides in part:

"The district court of the district in which a person resides or is found may order him to . . . produce a document . . . for use in a proceeding in a foreign or international tribunal . . . "

The language of the statute is silent with respect to whether criminal proceedings are intended to be excluded from the proceedings covered by the statute. The case law is completely devoid of decisions or even discussions of this point. The only helpful route for illuminating the question is to examine the legislative history of the statute, which has undergone two major revisions. Prior to 1949, the pertinent part of the section read, ". . . to be used in any civil action." In 1949 the language was amended to apply to evidence to be used in any "judicial proceeding". Finally, in 1964 it was amended to its present form quoted above. Moore, at 4B Moore's Federal Practice, Section 28.-09(2), interprets this course of events to mean that letters rogatory can now be used in both civil and criminal proceedings, by contrast with the prior language limiting their use to civil proceedings. The legislative history as reported in the U. S. Code Congressional Service is unenlightening, reflecting for the 1949 amendment only that,

"This amendment corrects restrictive language in section 1782 of 28 U.S.C., in conformity with original law and permits depositions in any judicial proceeding without regard to whether the deponent is 'residing' in the district or only sojourning there." 1949 U. S. Code Cong. Service 1270.

The legislative history of the 1964 amendment reflects the intention of Congress to specify with more exactness the boundary between judicial proceedings, for which letters rogatory would issue, and administrative agency proceedings, for which they would not. See, 1964 U. S. Code Congressional and Administrative News 3788.

■ Nor is the case law cited by the parties any more helpful. No case cited to or discovered by the Court deals with the granting of a subpoena pursuant to foreign letters rogatory. With no guidance, therefore, but the history of the statute, the Court can only interpret the language in the manner which logically presents itself. The language is held to permit the use of letters rogatory in criminal proceedings, as well as in civil cases.

■ But even if the Court has the power to uphold the subpoena, it is still within the discretionary power of the Court to quash. The 1964 U. S. Code Congressional report included the following statement about the most recent amendment to 28 U.S.C.A. § 1782:

" . . . it leaves the issuance of a proper order to the discretion of the court which, in proper cases, may refuse to issue an order or may impose conditions it deems desirable . . . " 1964 U. S. Code Congressional & Administrative News 3788.

The movant has asked that this Court exercise that discretion because of the alleged impropriety of the use of the information in a criminal proceeding. Apparently, this impropriety rests on the theory that a potential denial of Sixth Amendment rights might result if a deposition were taken for use in the criminal trial in a manner which would deny the defendant the right to cross-examine the witness. That argument is not persuasive here because the government has assured the Court that Mr. Fecarotta will have an opportunity to cross-examine the deponent at the hearing to be held by the rogatory commission. This Court is not informed as to the procedures followed by the Canadian courts in criminal trials; but it is not appropriate, simply on the basis of the allegation

of a possible procedure which may violate the defendant's U. S. Constitutional rights, to assume that such rights will receive no protection under Canadian procedures. Such a position would not be in keeping with the doctrine of comity and the good relations and high regard between these two countries.

For these reasons, the motion to quash the subpoena will be denied, and the parties will be given a week from the date of entry of this order to comply with the subpoena.