**In re LETTER ROGATORY FROM the JUSTICE COURT, DISTRICT OF MONTREAL, CANADA.**

**Appeal of John FECAROTTA.**

**No. 75–1004.**

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1975.

Decided Sept. 25, 1975.

Michael S. Friedman, Troy, Mich., for appellant.

John L. Newcomer, Sp. Atty., Detroit, Mich., Bruno A. Ristau, Atty., Civ.. Div., Dept. of Justice, Washington, D. C., for appellee.

Before McCREE and MILLER, Circuit Judges, and TAYLOR,* District Judge.

WILLIAM E. MILLER, Circuit Judge.

Appellant, John Fecarotta, a resident of Detroit, challenges the district court's refusal to quash a subpoena duces tecum it had directed to the appellant's bank in

---

* The Honorable Robert L. Taylor, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Detroit. The subpoena was in response to a request by a Canadian tribunal for judicial assistance in a pending criminal prosecution against appellant.

On August 19, 1974, the Justice Court of Sessions of the Peace, District of Montreal, Canada, ordered that a letter rogatory[1] be sent to the appropriate United States authorities requesting the production of all bank account records listed in the names of John Fecarotta and/or Juanita Fecarotta held by the Detroit Bank and Trust Company. John Fecarotta had been charged with a violation of the Narcotic Control Act of Canada, and the prosecution sought access to his bank records in connection with the prosecution of the alleged offense. The Justice Court requested the assistance of our country's federal courts only after it had been satisfied that the bank account information was necessary to the prosecution's case. Upon receipt of the letter rogatory, the Department of Justice made application to the District Court for the Eastern District of Michigan for an order to compel the bank to produce the documents sought by the foreign tribunal. On September 5, 1974, the district court accepted the letter rogatory and, under the authority of 28 U.S.C.

§ 1782,[2] issued a subpoena duces tecum to officers of the Detroit Bank and Trust Company. The subpoena commanded the bank's officials to appear with the records in question to be deposed concerning their contents. Fecarotta was notified of the date of the taking of the deposition and he immediately sought to quash the subpoena on the grounds that § 1782 is not applicable to criminal prosecutions or in the alternative, that the court in its discretion could and should refuse to grant the subpoena because of the danger that the information might be used improperly in the Canadian trial. This motion was overruled and the subpoena was ordered to be issued. Pending appeal to this Court, the production order has been stayed.

At the outset, the government insists that appellant lacks standing to challenge the subpoena to obtain the records since they are the property of the bank in which appellant has no proprietary interest. Although it is well-established that records of account belong to the bank and that a depositor may not prevent their disclosure on fourth or fifth amendment grounds, *see California Bankers Association v. Shultz*, 416 U.S.

1. Letters rogatory are defined in *The Signe*, 37 F.Supp. 819, 820 (E.D.La.1941):

   Letters rogatory are the medium, in effect, whereby one country, speaking through one of its courts, requests another country, acting through its own courts and by methods of court procedure peculiar thereto and entirely within the latter's control, to assist the administration of justice in the former country; such request being made, and being usually granted, by reason of the comity existing between nations in ordinary peaceful times.

2. *§ 1782. Assistance to foreign and international tribunals and to litigants before such tribunals*

   (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or

the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

   A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

   (b) This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him. As amended Oct. 3, 1964, Pub.L. 88–619, § 9(a), 78 Stat. 997.

21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974); *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Continental Bank & Trust Co.,* 503 F.2d 45 (10th Cir. 1974), it does not follow that appellant lacks standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute.

■■ While it has been held that federal courts have inherent power to issue and respond to letters rogatory, *see United States v. Reagan,* 453 F.2d 165, 173 (6th Cir. 1971); *United States v. Staples,* 256 F.2d 290, 292 (9th Cir. 1958); *In re Pacific Ry. Comm'n,* 32 F. 241, 256–57 (C.C.N.D.Cal.1887), such jurisdiction has largely been regulated by congressional legislation. Where Congress has intervened, the scope of the congressional authorization necessarily limits and defines the judicial power to render and seek such assistance. Thus a party against whom the requested information is to be used has standing to challenge the validity of such a subpoena on the ground that it is in excess of the terms of the applicable statute, here 28 U.S.C. § 1782. We hold that Fecarotta has standing to challenge the validity of the subpoena on the theory that it is not authorized by § 1782, the governing statute.

We turn to the appellant's contention that § 1782 does not authorize or permit the compulsory production of evidence for use in a foreign *criminal* proceeding. Traditionally, the United States has enacted statutes to provide judicial assistance for courts in other countries. (For

terms of successive enactments, see attached appendix.) The original enactment authorizing federal courts to assist foreign tribunals was the Act of March 2, 1855.[3] This statute granted broad powers to the United States courts to compel the testimony of witnesses to assist foreign courts. Apparently its passage was initiated to aid a French court in a criminal proceeding. Jones, *International Judicial Assistance: Procedural Chaos and a Program for Reform,* 62 Yale L.J. 515, 541 (1953). Primarily because of misindexing, the Act passed into obscurity and later was crippled by a subsequent statute. *Id.* at 540.

This country's early begrudging attitude in granting assistance to foreign courts was evidenced by the Act of March 3, 1863,[4] a law that largely undercut the 1855 legislation. The 1863 Act permitted the federal courts to take testimony [only in suits] "for the recovery of money or property depending in any court in any foreign country with which the United States are at peace, and in which the government of such foreign country shall be a party or shall have an interest . . . .[5]" It was not until 1948 that the requirement that the foreign government be a party or have an interest was deleted. The 1948 amendment also expanded the statute to encompass "*any civil action* pending in any court in a foreign country." [6] [emphasis added]. One year later the restrictive phrase "civil action" was changed to read "*any judicial proceeding* pending in any court

---

**3.** Act of March 2, 1855, ch. 140, § 2, 10 Stat. 630. See attached Appendix.

**4.** Act of March 3, 1863, ch. 95, 12 Stat. 769–70. See Appendix.

**5.** Although in force at the time, the 1855 Act (10 Stat. 630) was ignored by the subsequent legislation of 1863 (12 Stat. 769). Unlike the 1855 law which applied only to foreign requests made to this country for the taking of evidence, the 1863 legislation extended to requests made by foreign governments and those made by the United States to courts abroad. In 1877 (19 Stat. 241) Congress enacted language virtually identical to that used in 1855 and appended it to Revised Statutes § 875. It

apparently was intended to be a reciprocal provision providing assistance to foreign governments in cases in which they were parties or had an interest. However, at the same time Revised Statutes §§ 4071–73, drawn from a portion of the 1863 enactment, set forth apparently more limited circumstances in which a foreign government could seek the aid of the United States courts; i. e. suits involving money or property in which the foreign nation was a party or had an interest. These two sets of statutes remained separate until 1948 when they were revised and consolidated at 28 U.S.C. § 1781 *et seq.* (62 Stat. 949).

**6.** Act of June 25, 1948, ch. 646, 62 Stat. 949. See Appendix.

in a foreign country." [7] [emphasis added].

The narrow scope of these statutes was underscored and reinforced by the decisions of federal courts. For instance in *Janssen v. Belding—Corticelli, Ltd.,* 84 F.2d 577 (3rd Cir. 1936), the court declared that the only power it had regarding letters rogatory was that granted to it by the Constitution or by statute. Under the statutes then in force, the district court could neither issue a subpoena duces tecum to secure documentary evidence nor could it conduct a "roving oral examination" of the witnesses in the absence of interrogatories. *Id.* at 579.[8] Additionally, the courts have not favored the use of letters rogatory to secure evidence for introduction in criminal cases or investigations. *See In Re Letters Rogatory From Examining Magistrate of Tribunal of Versailles, France,* 26 F.Supp. 852 (D.Md.1939); *In Re Letters Rogatory From First District Judge of Vera Cruz,* 36 F. 306 (C.C.S.D.N.Y. 1888); *Jones, supra* at 541. The lower court in the present case stated in its opinion that neither party nor the court itself could locate a reported decision granting a subpoena in a criminal case. *In Re Letter Rogatory from the Justice Court, District of Montreal, Canada,* 383 F.Supp. 857, 858 (E.D.Mich.1974).

The 1964 amendments, however, were a significant departure by Congress from its cautious approach to international judicial assistance over the past century. The revisions were the result of proposals submitted by the Commission on International Rules of Judicial Procedure. Congress created the Commission in 1958 and authorized it to study and evaluate all the federal code provisions and rules, both civil and criminal, relating to international judicial assistance. The goal of the Commission was to revise the law in order to provide "[w]ide judicial assistance . . . on a wholly unilateral basis." Amram, *New Developments in International Judicial Assistance in the United States of America,* 32 J.B. Ass'n of D.C. 24, 28 (1965). As the legislative history reveals, the purpose behind the proposals was to prod other nations into following the lead of the United States in expanding procedures for the assistance of foreign litigants. S.Rep. No. 1580, 1964 U.S.Code Cong. & Admin. News, p. 3783. The current § 1782 represents in part the changes made by the 1964 amendments.

The crucial issue on this appeal is whether § 1782 applies to documentary evidence sought for use in a foreign *criminal* proceeding. Noting that the statute's predecessors were not thought to cover criminal cases, the appellant argues that § 1782 neither expressly nor impliedly applies to the instant situation. We are convinced, however, that Congress clearly intended for the provision to extend this nation's assistance to the *criminal* processes of a foreign country. First, we believe that the ever-expanding reach of our laws on the subject is meaningful. This evolutionary process has extended progressively from suits "for the recovery of money or property," to "any civil action," to "any judicial proceeding," and finally, to "a proceeding in a foreign or international tribunal." These changes have made the statute increasingly less restrictive and thus have evidenced the intent of Congress that the assistance be available to foreign governments in a greater number of instances. Also noteworthy is the use of the word "tribunal" in place of "court." The reason for the change was the belief that "assistance should be available, in the court's discretion, in connection with criminal proceedings abroad before investigating magistrates and in connection with administrative and quasi-judicial proceedings abroad. (see Senate Report pages 7–8)" Amram,

---

7. Act of May 24, 1949, ch. 139, § 93, 63 Stat. 103. See Appendix.

8. In determining the scope of its statutory authority, the court in *Janssen v. Belding-Corti-*

*celli, Ltd.,* 84 F.2d 577 (3rd Cir. 1936), examined the laws pertaining to requests made both to and from the United States. Revised Statutes §§ 875, 4071.

supra at 32; Smit, *International Litigation under the United States Code*, 65 Colum.L.Rev. 1015, 1026 n. 71 (1965). The appellant points out that in cases where the foreign practice and procedure for taking testimony is not adhered to the statute directs that the Federal Rules of Civil Procedure be followed. We see nothing improper or unusual in taking depositions or producing documents for a criminal case in accordance with the detailed procedures set forth by the Civil Rules.[9] Every indication is that the statute is to encompass criminal proceedings. To hold to the contrary would be to ignore the intent of Congress and to frustrate viable policies governing our relationships with foreign countries.

■ In his remaining argument, Fecarotta maintains that any testimony taken under § 1782 and later introduced against him at trial would contravene his right of confrontation under the sixth amendment. The letter rogatory from the Canadian court specifically provides that Fecarotta is to be represented by his counsel at the deposition. *See In Re Letter Rogatory From the Justice Court, District of Montreal, Canada*, 383 F.Supp. at 858–59 (E.D.Mich.1974). Since the appellant's claim is based upon nothing more than the bald assertion of potential harm, we find his argument to be without merit. *Cf. California Bankers Association v. Shultz*, 416 U.S. 21, 55–6, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974); *United States v. Hickok*, 481 F.2d 377 (9th Cir. 1973).

Under § 1782 "[t]he grant of power is unrestricted, but entirely within the discretion of the Court." Amram, *supra* at 31. There is no showing that the district court abused its discretion either in applying the provision to a pending criminal case or in permitting the evidence to be taken in compliance with Canadian practice and procedure.

Affirmed.

### APPENDIX

*Act of March 2, 1855, ch. 140, § 2, 10 Stat. 630:*

*An Act to prevent Mis-trials in the District and Circuit Courts of the United States, in certain Cases.*

\* \* \* \* \* \*

Sec. 2. *And be it further enacted,* That where letters rogatory shall have *be* [been] addressed, from any court of a foreign country to any circuit court of the United States, and a United States commissioner designated by said circuit court to make the examination of witnesses in said letters mentioned, said commissioner shall be empowered to compel the witnesses to appear and depose in the same manner as to appear and testify in court.

*Act of March 3, 1863, ch. 95, 12 Stat. 769–70:*

*An Act to facilitate the taking of Depositions within the United States, to be used in the Courts of other Countries, and for other Purposes.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the testimony of any witness residing within the United States, to be used in any suit for the recovery of money or property depending in any court in any foreign country with which the United States are at peace, and in which the government of such foreign country shall be a party or shall have an interest, may be obtained, to be used in such suit. If a commission or letters rogatory to take such testimony shall have been issued

---

9. S.Rep. No. 1580, 1964 U.S.Code Cong. & Admin.News, p. 3789:

Subsection (a) of proposed revised section 1782 gives the court complete discretion in prescribing the procedure to be followed. It permits, but does not command, following the foreign or international practice. If the court fails to prescribe the procedure, the appropriate provisions of the Federal Rules of Civil Procedure are to be followed, irrespective of whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature.

from the court in which said suit is pending, on producing the same before the district judge of any district where said witness resides or shall be found, and on due proof being made to such judge that the testimony of any witness is material to the party desiring the same, such judge shall issue a summons to such witness requiring him to appear before the officer or commissioner named in such commission or letters rogatory, to testify in such suit. Such summons shall specify the time and place at which such witness is required to attend, which place shall be within one hundred miles of the place where said witness resides or shall be served with said summons.

Sec. 2. *And be it further enacted,* That if any person shall refuse or neglect to appear at the time and place mentioned in the summons issued, in accordance with this act, or if, upon his appearance, he shall refuse to testify, he shall be liable to the same penalties as would be incurred for a like offense on the trial of a suit in the district court of the United States.

Sec. 3. *And be it further enacted,* That every witness who shall appear and testify, in manner aforesaid, shall be allowed and shall receive from the party, at whose instance he shall have been summoned, the same fees and mileage as are allowed to witnesses in suits depending in the district courts of the United States.

Sec. 4. *And be it further enacted,* That whenever any commission or letters rogatory, issued to take the testimony of any witness in a foreign country, in any suit in which the United States are parties or have an interest, shall have been executed by the court or the commissioner to whom the same shall have been directed, the same shall be returned by such court or commissioner to the minister or consul of the United States nearest the place where said letters or commission shall have been executed, who, on receiving the same, shall indorse

thereon a certificate, stating the time and place when and where the same was received; and that the said deposition is in the same condition as when he received the same; and he shall thereupon transmit the said letters or commission, so executed and certified, by mail, to the clerk of the court from which the same issued, in the manner in which his official despatches are transmitted to the Government. And the testimony of witnesses so, as aforesaid, taken and returned, shall be read as evidence on the trial of the suit in which the same shall have been taken, without objection as to the method of returning the same.

*Act of February 27, 1877, ch. 69, 19 Stat. 241:*

Section eight hundred and seventy-five is amended by adding at the end of the section the following:

"When letters rogatory are addressed from any court of a foreign country to any circuit court of the United States, a commissioner of such circuit court designated by said court to make the examination of the witnesses mentioned in said letters, shall have power to compel the witnesses to appear and depose in the same manner as witnesses may be compelled to appear and testify in courts."

*Revised Statutes, § 875 (2d. Ed. 1878):*

When any commission or letter rogatory, issued to take the testimony of any witness in a foreign country, in any suit in which the United States are parties or have an interest, is executed by the court or the commissioner to whom it is directed, it shall be returned by such court or commissioner to the minister or consul of the United States nearest the place where it is executed. On receiving the same, the said minister or consul shall indorse thereon a certificate, stating when and where the same was received, and that the said deposition is in the same condition as when he received it; and he shall thereupon transmit the said letter or commission, so executed and certified, by mail, to the clerk of the court from which the same issued, in the

manner in which his official dispatches are transmitted to the Government. And the testimony of witnesses so taken and returned shall be read as evidence on the trial of the suit in which it was taken, without objection as to the method of returning the same. [When letters rogatory are addressed from any court of a foreign country to any circuit court of the United States, a commissioner of such circuit court designated by said court to make the examination of the witnesses mentioned in said letters, shall have power to compel the witnesses to appear and depose in the same manner as witnesses may be compelled to appear and testify in courts.] [See §§ 4071–4074.]

*Revised Statutes, § 4071 (2d. Ed. 1878):*

The testimony of any witness residing within the United States, to be used in any suit for the recovery of money or property depending in any court in any foreign country with which the United States are at peace, and in which the government of such foreign country shall be a party or shall have an interest, may be obtained, to be used in such suit. If a commission or letters rogatory to take such testimony, together with specific written interrogatories, accompanying the same, and addressed to such witness, shall have been issued from the court in which such suit is pending, on producing the same before the district judge of any district where the witness resides or shall be found, and on due proof being made to such judge that the testimony of any witness is material to the party desiring the same, such judge shall issue a summons to such witness requiring him to appear before the officer or commissioner named in such commission or letters rogatory, to testify in such suit. And no witness shall be compelled to appear or to testify under this section except for the purpose of answering such interrogatories so issued and accompanying such commission or letters: *Provided,* That when counsel for all the parties attend the examination, they may con-

sent that questions in addition to those accompanying the commission or letters rogatory may be put to the witness, unless the commission or letters rogatory exclude such additional interrogatories. The summons shall specify the time and place at which the witness is required to attend, which place shall be within one hundred miles of the place where the witness resides or shall be served with such summons. [See § 875.]

*Act of June 25, 1948, ch. 646, 62 Stat. 949:*

### § 1781. Foreign witnesses

Whenever a court of the United States issues letters rogatory or a commission to take a deposition in a foreign country, the foreign court or officer executing the same may make return thereof to the nearest United States minister or consul, who shall endorse thereon the place and date of his receipt and any change in the condition of the deposition, and transmit it to the clerk of the issuing court in the manner in which his official dispatches are transmitted to the United States Government.

### § 1782. Testimony for use in foreign country

The deposition of any witness residing within the United States to be used in any civil action pending in any court in a foreign country with which the United States is at peace may be taken before a person authorized to administer oaths designated by the district court of any district where the witness resides or may be found.

The practice and procedure in taking such depositions shall conform generally to the practice and procedure for taking depositions to be used in courts of the United States.

\*　\*　\*　\*　\*　\*

*Act of May 24, 1949, ch. 139, § 93, 63 Stat. 103:*

Sec. 93. Section 1782 of title 28, United States Code, is amended by striking out "residing", which appears as the sixth word in the first paragraph, and by

striking out from the same paragraph the words "civil action" and in lieu thereof inserting "judicial proceeding".